BARNUM *against* VANDUSEN.

He who has the care and custody of sheep, for the purpose of depasturing them, is liable for damage done by them, in the same manner and to the same extent, as the owner.

Where the defendant's sheep, while trespassing upon the plaintiff's land, commingled with the plaintiff's sheep, and communicated to them a dangerous disease, of which many of them died; and no sufficient justification was shown for the trespass; in an action of trespass *qu. cl. fr.* it was held, 1. that evidence of such communication of disease, was admissible, to affect the damages; and that the plaintiff was entitled, in such action, to recover damages, for the loss of his sheep, as well as for the breach of his close; 2. that in order to recover such damages, it was not necessary for the plaintiff to prove, that the defendant had knowledge of the diseased state of his sheep, at the time the disease was imparted; but 3. that it was competent to the plaintiff to prove such knowledge of the defendant, to enhance the damages, without any allegation to that effect in the declaration.

Where the defence to an action for a trespass, committed by the defendant's cattle, upon the plaintiff's land, was, that the cattle entered from the adjoining field of the defendant, through the plaintiff's insufficient fence; it was held, that the plaintiff might show, that such cattle were *unruly*; and that this, when proved, repelled the defence.

THIS was an action of trespass, and trespass on the case; there being two counts of the former description, and one of the latter. It will be sufficient for the present purpose, to state the second count in trespass.

The plaintiff alleged, that on the 1st day of *August*, 1839, he was, and ever since has been, lawfully seised and possessed of a certain tract of land, situate in *Salisbury*, in the village of *Lime Rock*, so called, bounded, &c.; and that, on said 1st day of *August*, 1839, the defendant, with force and arms, broke and entered into and upon said tract of land, and trod down and consumed the herbage then and there growing; and the defendant then and there, with his cattle, sheep and swine, ate up, trampled upon, and spoiled, the grass and grain of the plaintiff, then and there growing, of the value of 200 dollars.   And the defendant's sheep, so entered into and upon said tract, were infected with a dangerous, incurable and contagious disease, known and called by the name of the *hoof distemper*; and said sheep of the defendant, then and there commingled with, and gave to, the sheep of the plaintiff, then and there being, the disease or distemper, whereof the defendant's sheep were infected, whereby the plaintiff's sheep,

*viz.* 300, became diseased, and afterwards wholly lost to the plaintiff, and he was put to great trouble, cost and expense, in taking care of, and attempting to cure, his said sheep so diseased.

The defendant pleaded the general issue, and gave notice, that on the trial of the cause, he should offer evidence to prove, that the fences between the land of the plaintiff and that of the defendant, described in the declaration as adjoining each other, are undivided, and that it is, and was, at the time of the alleged trespasses and injuries, the duty of the plaintiff to build, repair and maintain said fences; and that they are, and were, at the time aforesaid, by the fault and neglect of the plaintiff, out of repair, defective and insufficient.

The cause was tried at *Litchfield, February* term, 1843, before *Storrs,* J.

On the trial, under this notice, the defendant claimed to have proved, that he was not the owner of the sheep described in the declaration as belonging to him, but that they were the property of one *Stickles,* and the defendant had taken them into his field to be depastured; and that the defendant was, at the time of the alleged injuries, wholly ignorant that said sheep so taken by him to be depastured, were affected with a contagious disease; and the defendant claimed, that by law he could not be subjected to damages, on account of the impartation of disease to the plaintiff's sheep, as stated in the declaration, without proof that the defendant knew, or had reason to believe, at the time of the injuries complained of, that said sheep so taken by him to be depastured, were infected by such disease, and that he was guilty of some neglect, malice or misconduct, such as would be sufficient to subject him to an action on the case founded on such neglect, malice or misconduct; and he requested the court so to charge the jury.

The plaintiff offered evidence to prove, that the defendant, at the time of the injuries complained of, knew that said sheep so taken to be depastured, were diseased; and that the defendant was guilty of neglect and misconduct in relation to the custody of said sheep. To this evidence the defendant objected, on the ground that there was no averment in the declaration of such knowledge, or neglect, or misconduct.

The court overruled the objection, and received the evidence, for the purpose of affecting the damages.

In the charge to the jury, the court instructed them, that if the trespass complained of by the plaintiff, was proved, and no sufficient justification was shown, and if they should find that the plaintiff was entitled to recover, he was entitled to recover for the damages which accrued by the impartation of disease, as averred in the declaration, upon proof of the facts therein averred, without any proof of knowledge by the defendant, that the sheep so in his custody were diseased at the time, and without any proof of malice, misconduct or neglect, on the part of the defendant.

The defendant also claimed to have proved, that if the sheep in his custody did enter upon the plaintiff's field, as described in the declaration, they so entered through the insufficient fence of the plaintiff, which he was bound, but neglected, to keep in repair ; and so the defendant was not liable for said injuries.

The plaintiff then offered evidence to show, that said sheep were unruly, and claimed, that for this reason, he was not bound to maintain a sufficient fence, as against said sheep, but was entitled to recover, notwithstanding they entered into said field through his insufficient fence. To this evidence the defendant objected. The court, however, admitted it.

The jury found a verdict for the plaintiff, on the second count ; and for the defendant, on the other counts. The defendant thereupon moved for a new trial.

*Seymour* and *Hubbard*, in support of the motion, contended, 1. That the owner of a domestic animal, not naturally inclined to commit mischief, is not liable for injuries committed by it, to the person or personal property of another, unless he has had *notice* that it was accustomed to do acts similar to those complained of. 1 *Chitt. Plead.* 69. (old ed.) 1 *Sw. Dig.* 550, 1. *Vrooman* v. *Lawyer*, 13 *Johns. R.* 339. This is clearly the law, in an action *on the case.* Does it make any difference, that here there is a count in *trespass ?* The *gravamen* is a breach of the plaintiff's close. The defendant is liable for such special damage only as is *closely connected* with the trespass. One must be *causa proxima* of the other. *Boyce* v. *Bayliffe,* 1 *Campb.* 58. *Flower* v. *Adam,*

*2 Taun.* 314. Here, the injury complained of was the *im-* *partation of disease.* In this, neither the defendant, nor his sheep, had any voluntary agency. The consequences are *too remote* to affect the damages.

*Litchfield,*
*June, 1844.*

Barnum
*v.*
Vandusen.

2. That it was not competent to the plaintiff to prove, either as the *gist* of the action, or as matter of aggravation, that the defendant *knew* that his sheep were infected with a contagious disease, without an averment to that effect in the declaration. If the plaintiff in trespass relies upon the *science* of the defendant, to enhance the damages, he must *allege it* *specially ;* otherwise, the proof of it is a surprise upon the defendant. The rule is, that matters of aggravation *neces-* *sarily* attendant upon or resulting from the act complained of, need not be alleged ; but others must be. 1 *Chitt. Pl.* 386. (old ed.) The impartation of disease to the plaintiff's sheep, obviously had no *necessary* connexion with the break- ing of his close. It was the subject of a distinct action ; and if the plaintiff could recover damages for it, without alleging it, the defendant might be twice subjected for the same thing. 1 *Chitt. Pl.* 388. (old ed.)

3. That the defendant having proved, that the sheep enter- ed through the insufficiency of the plaintiff's fence, it was not competent to the plaintiff to prove that such sheep were *un-* *ruly.* *Stat.* 217. 223. 434. 436. (ed. 1835.) 1 *Sw. Dig.* 525. *Studwell* v. *Ritch,* 14 *Conn. R.* 292.

*Church* and *Averill,* contra, insisted, 1. That the circum- stances which accompany and give character to a trespass, may always be given in evidence to affect the damages. *Edwards* v. *Beach,* 3 *Day* 447. *Churchill* v. *Watson,* 5 *Day,* 140. And it is so, even when no matters of aggrava- tion are alleged in the declaration. *Treat* v. *Barber,* 7 *Conn. R.* 274. 279. *Bracegirdle* v. *Orford,* 2 *Mau. & Selw.* 79. *Merest* v. *Harvey,* 5 *Taun.* 542.

2. That the impartation of disease to the plaintiff's sheep, by sheep in the defendant's care, there being no justification, was a proper ground of enhancing the damages to be recov- ered. *Smith* v. *Jaques,* 6 *Conn. R.* 530.

3. That the evidence to prove the defendant's sheep unruly, was properly admitted ; for being unruly, the plaintiff was

*Litchfield,*
*June, 1844.*

Barnum
*v.*
Vandusen.

not bound to fence against them.    *Stat.* 498. *tit.* 80. *s.* 7. (ed. 1838.)

HINMAN, J.    The fact that the sheep, which caused the injury to the plaintiff, did not belong to the defendant, but were only in his care and custody, depasturing his field, may be laid out of the case, as upon the principle established in *Smith* v. *Jaques,* 6 *Conn. R.* 530. the defendant, for the purposes of this case, must be deemed to be their owner, and liable for damage done by them.

1. The principle that the owner of a domestic animal, not naturally inclined to commit mischief, is not liable for an injury committed by it, unless he has notice that such animal is accustomed to commit mischief, though undoubted, when properly applied, yet it has no application to this case.   If the defendant's sheep had communicated a disease to the plaintiff's, while rightfully upon the plaintiff's land, or in an adjoining enclosure, the principle, and the authorities cited in support of it, might have applied. But here, the defendant's sheep, while trespassing upon the plaintiff's land, communicate to the plaintiff's sheep, a disease of which numbers of them die, and no sufficient justification being shown for the trespass, the question is, whether this communication of disease is such an injury as aggravates the damage occasioned by the trespass, and authorizes the plaintiff to recover damages for the loss of his sheep, as well as for the breach of his close. We think, it is such an injury. Indeed, the rule is believed to be universal, that any consequential damage, resulting from the trespass, and not too remote, may be declared on as matter of aggravation, and if proved, damages may be recovered for it.

In the common case of trespass for breaking and entering the plaintiff's house and debauching his daughter, the debauching of the daughter is mere matter of aggravation ; and a justification of the breaking and entry, is a full answer to the whole case ; yet the matter of aggravation is, certainly, a principal ground of the damages recovered.   And in trespass for destroying part of a mill, the plaintiff alleged an interruption in the use of the mill, and, the consequent loss of profits, and was allowed to recover for such injury.   *White* v. *Moseley,* 8 *Pick.* 356.    So, in *Dickinson* v. *Boyle,* 17 *Pick.* 78. it

was held, that all the damage of which the injurious act is the efficient cause, and for which the plaintiff is entitled to recover, in any form, may be recovered in the action of trespass. And in *Anderson* v. *Buckton*, 1 *Stra*. 192. the precise question involved in this case, was decided ; and it was there held, that in trespass for the entry of diseased cattle, damage from infection may be stated in aggravation, and a recovery in such action will bar another action, in a different form, for the same injury.

*Litchfield,*
*June, 1844.*

Barnum
*v.*
Vandusen.

These, though a few only of the numerous cases that might be cited on this subject, are sufficient to show, that the charge of the court, was correct, " that if the trespass complained of, was proved, and no sufficient justification was shown ; and if they found, that the plaintiff was entitled to recover; he was entitled to recover for the damages which accrued, by the impartation of disease, as averred in the plaintiff's declaration, upon proof of the facts therein averred, without any proof of knowledge by the defendant, that the said sheep so in his custody, were diseased, at the time when, &c., and without any proof of malice, misconduct or neglect, on the part of the defendant."

2. The plaintiff, on the trial below, was permitted to prove, for the purpose of affecting the damages, that the defendant, at the time of the trespass, did know, that his sheep were diseased ; and that he was guilty of neglect and misconduct in relation to the custody of them ; though the evidence was objected to, by the defendant, on the ground that there was no averment in the declaration of any such knowledge, neglect or misconduct in the defendant.

That the circumstances which characterize a trespass, may be proved, in an action for the injury, to enhance damages, is a familiar elementary principle, and has been too often recognized, by this court, to be now made a question. The point was last made and decided, in the late case of *Treat* v. *Barber*, 7 *Conn. R.* 274. and it is enough to refer to the opinion of the court in that case, (*p.* 279, 80.) and to say, that we are entirely satisfied with the principle there laid down.

But it is said, that the plaintiff ought to have alleged knowledge of the diseased condition of his sheep, to the defendant, and his neglect and misconduct touching the custody of them, before he could be permitted to prove it; and because there is no such averment in the declaration, it is said, the proof was

*Litchfield,*
June, 1844.

Barnum
*v.*
Vandusen.

inadmissible. The object of compelling a party, in his declaration, to lay a foundation for the recovery of special damages, which do not necessarily arise from the act complained of, is, to prevent the surprise, which might otherwise ensue to the defendant, on the trial. It is therefore a general principle, that less particularity is necessary in the statement of matters of aggravation, than in the main allegations in the declaration. *Stephens on Pl.* 372. But the special injury, which the plaintiff had suffered, in consequence of this trespass, is stated in the declaration with great particularity. The only omission is, that it is not stated, that the defendant *knew,* that his sheep were diseased. But knowledge in the defendant, of this fact, was no part of the plaintiff's special injury ; it was a circumstance which characterized the trespass, inasmuch, as, if true, it tended to show a degree of carelessness and negligence in the defendant, in respect to restraining his sheep, which might properly be considered by the jury, in estimating damages; but it was not a fact necessary to be stated, in order to prevent surprise. The defendant was apprized of the plaintiff's claim for special damages in consequence of the impartation of disease to his sheep. This, we think, is sufficient. We know of no rule of law, that compels a plaintiff in trespass to make any more definite allegations in respect to special damage, than such as were made in this case.

3. The defendant claimed, that the plaintiff's fence was insufficient, and that the sheep entered the plaintiff's close through such insufficient fence ; and that the plaintiff was bound to keep said fence in repair : in answer to which claims, the plaintiff offered to prove, that the sheep were *unruly,* and would not be restrained, by an ordinary fence. This, though objected to, by the defendant, the court permitted. And in this, we think, the court was right. The 21st section of the statute relating to *Fences, p.* 255. ed. 1838. provides, that all damages done by cattle, horses, sheep, or swine, where the fence is sufficient, shall be paid by the owners of them ; but if the fence is defective, then by the owners of the fence ; and the 7th section of the statute relating to *Pounds, p.* 498,, provides, that no person shall be entitled to a recovery for damages done in his enclosure, through the insufficiency of his fence, unless such damages were done by swine or

horses, or other creatures, that go at large on the commons, contrary to law, or by *unruly* cattle, that will not be restrained by ordinary fences. Taking and construing these two statutes together, as, we think, they ought to be construed, upon the principle regarding statutes relating to the same subject, and having one object in view, we think it manifest, that the legislature did not intend, that the owners of land should be compelled to fence against unruly animals of any kind. The case of *Studwell* v. *Ritch,* 14 *Conn. R.* 292. has no bearing upon this question. There was no question relating to unruly cattle, in that case.

Upon the whole, therefore, we are of opinion, that there is no error in any decision of the court below ; and of course, no new trial is advised.

In this opinion the other Judges concurred.

New trial not to be granted.