WILLIAM H. BALDWIN *vs.* SAMUEL M. ENSIGN.

A horse or colt at large upon the highway contrary to law is a nuisance.
Where such an animal so at large does an injury to person or property the owner is liable without reference to the question whether the animal is vicious. The damage is regarded as the consequence of the negligence of the owner in allowing the animal to be improperly at large.

TRESPASS ON THE CASE for an injury from a colt belonging to the defendant; brought to the Superior Court in Litchfield County. The plaintiff was a minor and sued by his next friend, Levi Baldwin. The following facts were proved by a committee:—

The plaintiff, a boy about three years old, on the 27th day of June, 1878, was living with his parents near the village of Morris, on the north side of the highway, in a hired house with some land attached thereto, and on the same day the defendant, living near them, let loose a mare and colt belonging to him upon the public highways of the town, not keeping any watch or guard over them. The mare and colt strayed upon the highway in front of the premises occupied by the plaintiff's parents. The highway at that point is one hundred and six feet wide from fence to fence, and the mare and colt were upon the north side and within fifteen feet of the north fence. A short time previous to the discovery of the mare on the premises, the boy had been permitted to go into the rear yard of the house to feed

chickens, as he had been accustomed to do, but there was an open passway from the rear of the house on the east side to the highway, and very soon after the boy's scream was heard from the highway, and he was found on the ground less than fifteen feet from the north fence, bleeding profusely. The injury received was most severe upon the nose; its bones or cartilages had been severed, cut down to the base and pushed upward, with a bruise upon the brow over the right eye. I find that the injury received by the plaintiff was caused by a kick of the colt, but I do not find that the colt was vicious, or, if so, that such viciousness was known to the defendant. The committee assessed the plaintiff's damages at $150.

Upon these facts the court, (*Martin, J.,*) rendered judgment for the plaintiff, and the defendant brought the record before this court by a motion in error.

*C. B. Andrews* and *D. C. Kilbourn*, for the plaintiff in error.

1. The owner of a domestic animal is not liable for any injury done by it unless the animal was vicious and known by the owner to be vicious. 1 Swift Dig., 551; *Barnum* v. *Vandusen*, 16 Conn., 203; 1 Addison on Torts, (D. & B. ed.,) 29, 30, and note; Wharton on Neg., §§ 921, 922; 1 Chitty Pl., 81; *Earl* v. *Van Alstine*, 8 Barb., 630.

2. There is no law in this state that changes the rule of liability, even though the animal is at large on the highway, *Studwell* v. *Ritch*, 14 Conn., 292; *Wright* v. *Wright*, 21 id., 330; *Isbell* v. *New York & New Haven R. R. Co.*, 27 id., 403; *Holden* v. *Shattuck*, 34 Verm., 336; *Cox* v. *Burbridge*, 13 Com. Bench, N. S., 430.

3. The claim of the plaintiff is that the defendant was in the wrong in permitting the colt to be at large on the highway. But if this is true how does it aid the plaintiff? When a man commits a negligent or wrongful act he is liable only for those injuries of which his act is the natural and proximate cause. Wharton on Neg., § 73. It could not have been anticipated that a sucking colt a month old

and an infant child less than three years old would come in collision. Such a child is not usually on the highway unattended. Such a colt does not usually kick. Letting the colt loose was not in any legal sense the cause of the injury to the plaintiff. Clearly it was not the proximate cause.

*H. B. Graves* and *G. A. Hickox*, for the defendant in error.

The facts found by the committee establish the liability of the defendant. His turning the colt into the highway was negligent and unlawful. Through the defendant's negligence the colt became a trespasser upon the premises occupied by the plaintiff's father and there injured the plaintiff. There is no contributory negligence found.; and, at the plaintiff's age, there could have been none. *Daley* v. *Norwich & Worcester R. R. Co.*, 26 Conn., 599. It is thoroughly settled law both in this country and England that the owner of domestic animals which do injury while negligently allowed to trespass on the lands of others, is responsible for such injury, though no vicious character or *scienter* is shown. It is only when domestic animals do mischief in a place where they lawfully are, that their vicious character and their owner's knowledge of it become material. *Barnum* v. *Vandusen*, 16 Conn., 204; *Decker* v. *Gammon*, 44 Maine, 329; *Lyons* v. *Merrick*, 105 Mass., 76; *Chunot* v. *Larson*, 43 Wis., 536; *Crawford* v. *Williams*, 48 Iowa, 247; *Barnes* v. *Chapin*, 4 Allen, 444; *Dickson* v. *McCoy*, 39 New York, 400; *Goodman* v. *Gay*, 15 Penn., St.; 188. A *dictum* in *Cox* v. *Burbridge*, 13 Com. Bench, N. S., 430, in conflict with the doctrine of the foregoing decisions, is modified, and the English and American decisions brought into substantial harmony, by *Lee* v. *Riley*, 18 Com. Bench, N. S., 722. See Addison on Torts, (Wood's ed.,) 43, note.

CARPENTER, J. The defendant let loose a mare and colt belonging to him upon the public highway, not keeping any watch or guard over them. The plaintiff, a child about three years old, was near his father's house when he was

injured by the colt, but whether it occurred within or without the highway does not distinctly appear, although we think it may be fairly inferred that he was in the highway outside of the travelled path. The committee by whom the facts were found, says:—" I do not find that the colt was vicious, or, if so, that such viciousness was known to the defendant."

If the injury had been received outside of the highway we think the case would have been within *Barnum* v. *Vandusen*, 16 Conn., 200. That was an action of trespass to land by the defendant's sheep. It was alleged as special damage that they imparted to the plaintiff's sheep a contagious disease of which some of them died. The *scienter* was not alleged, but the plaintiff was allowed to prove on the trial, to enhance damages, that the defendant knew that his sheep were diseased. One claim made was that the plaintiff could not recover the special damage alleged without proof of such knowledge, and that inasmuch as knowledge was not averred there could be no recovery for that cause. The court held otherwise. HINMAN, J., says:—" The principle that the owner of a domestic animal, not naturally inclined to commit mischief, is not liable for an injury committed by it, unless he has notice that such animal is accustomed to commit mischief, though undoubted when properly applied, yet has no application to this case. If the defendant's sheep had communicated a disease to the plaintiff's, while rightfully upon the plaintiff's land, or in an adjoining enclosure, the principle, and the authorities cited in support of it, might have applied." It is true that the special damage was shown in that case as matter of aggravation, but the case shows that the defendant was liable for such damage without proof of knowledge, and the ground of the liability was that the sheep were unlawfully on the plaintiff's land.

Let us go one step further and suppose that the plaintiff owned the land where this accident happened, and had brought an action of trespass to the land, alleging the injury to his person as special damage. In that event *Barnum* v. *Vandusen* would have governed this case, unless

it could be successfully claimed that the damage was too remote; which could not well be done, as the damage in this case is as much the natural and probable consequence of the trespass as it was in that. Nor can it be doubted that he could in that event have brought case for the injury to his person. In *Barnum* v. *Vandusen* the late Chief Justice SEYMOUR, then at the bar, in arguing the case for the defendant, conceding that an action would lie for the injury aside from the trespass, contended that a separate action should have been brought and that no recovery could be had in that action for the special damage. But the ownership of the land is not important. The accidental circumstance that the plaintiff did not own it cannot deprive him of his remedy.

It only remains to inquire whether the fact that the accident happened in the limits of the highway can change the result. Why should it? The plaintiff had a lawful right to be there, as much so as to be on his own land; and the colt was unlawfully there. It is true he was not trespassing upon a private enclosure, but he was at large on the highway contrary to law, and as such was a nuisance. "Anything that worketh hurt, inconvenience or damage" is a nuisance according to Blackstone; and when it "worketh hurt, inconvenience or damage" to an individual the party injured has his action against the author of the nuisance.

The propensity of colts and of horses generally when at liberty in the highway to run and gambol, and to annoy and excite other horses, and their liability to cause damage in various ways, are so well known that they need only be mentioned. That such animals in such circumstances may be nuisances is a proposition requiring no argument to sustain it.

The ground of liability for injuries of this kind is negligence; and ordinarily where there is no negligence there is no liability. It is the duty of a man who owns a vicious animal to give notice of his propensity or to restrain him; his omission to do so is negligence which makes him liable for the consequences. If the animal is not accustomed to

do mischief and is where he rightfully belongs and does an injury, there is no negligence and no liability. But if he allows him to trespass on others, or if he knowingly suffers him to be where he has no legal right to be, that is negligence; and if the natural and probable consequence is injury to others he is liable. In this case the plaintiff was injured without fault or negligence on his part, the injury was the result indirectly but not too remotely of the defendant's negligence; if the defendant is not liable it is an anomalous case.

Thus upon principle, and without reference to authorities, except the case in our own state, it would seem that the defendant is liable without showing that the animal was vicious, or, if vicious, that he was known to be so; and that the fact that the injury was received in the highway does not relieve him of his liability.

It will be observed that we have laid no stress upon the circumstance that the colt when he inflicted the injury might be regarded as trespassing upon real estate, nor upon the fact that the natural playfulness of such an animal may be under some circumstances as dangerous as a positive vice.

If we turn our attention to the authorities elsewhere we think that they abundantly sustain our position.

In *Decker* v. *Gammon*, 44 Maine, 322, the court say:—"The owner of domestic animals, *if they are wrongfully in the place where they do any mischief*, is liable for it, though he had no notice that they had been accustomed to do so before. In cases of this kind the ground of the action is that the animals were wrongfully in the place where the injury was done, and it is not necessary to allege or prove any knowledge on the part of the owner that they had previously been vicious."

In *Barnes* v. *Chapin*, 4 Allen, 444, a sucking colt while following its dam, which was led by her owner in a highway, was kicked and killed by a horse, which had been turned loose in the highway without a keeper. The owner was held liable. CHAPMAN, J., said:—"The general doc-

trine of the common law as to injuries done by domestic animals seems to be, that the owner is not liable unless he has been in some fault. * * As to the defendant, it appears that he was in fault in permitting his mare to go at large on the highway without a keeper. Highways are dedicated to the use of travellers. In this commonwealth it has long been regarded as inconsistent with the safety and convenience of travellers to permit horses to go at large on the highway; and such an act is an offense against our statutes. As the plaintiff was using reasonable care, and as the defendant's fault concurred with the act of his animal in causing the injury to the plaintiff's property, the action is well maintained." See also *Lyons* v. *Merrick*, 105 Mass., 76.

In Moak's Underhill on Torts, pages 296, 297, it is said that "the owner of a horse which he knows to be vicious is liable for injuries inflicted by him while upon the owner's land which is open to the public. The owner is also liable, though he does not know the horse to be vicious, if he turns him loose to go on such open land in so negligent a manner as to endanger the safety of persons passing across it." Citing *Southall* v. *Jones*, 5 Vict. L. R., 402.

In *Cox* v. *Burbridge*, 13 C. B., (N. S.,) 430, a case relied on by the defendant, the head note is as follows:—" The defendant's horse being on a highway, kicked the plaintiff, a child, who was playing there. There was no evidence to show how the horse came on the spot, or what induced him to kick the child, or that he was accustomed to kick.—Held, no evidence from which the jury would be justified in inferring that the defendant had been guilty of an actionable negligence." In this case it appears that the mare and colt were on the highway through the fault of the defendant.

In *Lee* v. *Riley*, 18 C. B., (N. S.,) 722, the defendant's horse escaped in consequence of a defect in the fence which it was his duty to repair, and strayed on to the plaintiff's premises and kicked his horse, by reason of which it had to be killed. The defendant was held liable, not on the

ground that his horse was vicious and he knew it, but on the ground of negligence in allowing the horse to escape from his enclosure. BYLES, J., said:—"I can see but little difference between placing a horse with 'caulkins,' such as are described in this case, in a field with insufficient fences, and turning a horse on a common so armed as to be danger-ous to other horses, in which latter case the defendant would undoubtedly be responsible for the consequences of his so doing."

In New York and Pennsylvania the owners of horses are held liable for damages done by them while at large in the streets of a populous city. *Dickson* v. *McCoy*, 39 New York, 400; *Goodman* v. *Gay*, 15 Penn. St., 188.

In *Fallon* v. *O'Brien*, 12 R. Isl., 518, the court, following the decisions in New York and Pennsylvania, held that if a horse was at large in the streets of Providence through any negligence of the owner and did damage, the owner was liable. Otherwise if at large without the owner's fault.

Whether any well grounded distinction can be taken between the streets in a city and highways in the country is a question. The difference is mainly the difference in the degree of danger. The danger is obviously greater in the former than in the latter; and yet that there is danger in the country is well illustrated by this case; and where-ever the danger is there the protection is needed. If there are not so many people in the country highways there are likely to be more loose horses. In either place such horses are likely to do harm; and when harm is done, whether in the one place or the other, the owner, if negligent, should be responsible.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.