TERESA BISCHOFF *vs.* G. LEROY CHENEY ET AL.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

No liability attaches for injuries committed by a domestic cat while
trespassing, unless the cat was mischievous or vicious and known
to be so by its owner or keeper, in which case the latter may be
liable for failing to exercise reasonable care to prevent the animal
from being at large.

It is no longer the law of this State—if, indeed, it ever was—that the
owner or keeper of a domestic animal, whose disposition is naturally
docile and harmless, is liable for keeping it as if it were an animal
*feræ naturæ*.

In the present case the complaint alleged that the defendant owned a
large Angora cat of vicious propensities which were known to him,
and that he negligently permitted it to go at large and on to the
plaintiff's premises, where the cat bit her. *Held* that the complaint
stated but one cause of action, to wit, the negligence of the de-
fendant in failing to restrain a known vicious animal.

The fact that a cat of known vicious propensities is trespassing, may
give rise to an inference or presumption that its owner was negli-
gent in its care or restraint, and thus cast upon him the burden of
proving the contrary.

Submitted on briefs October 28th—decided December 21st, 1914.

ACTION to recover damages for personal injuries
caused by the bite of a cat while trespassing upon the

plaintiff's premises, whither the animal was permitted to go through the alleged carelessness and negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Williams, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Isadore W. Resnik, Rocco Ierardi* and *Charles J. Martin,* for the appellant (plaintiff).

*William B. Arvine,* for the appellees (defendants).

WHEELER, J. The complaint alleges that the defendant Cheney owned a large Angora cat, which he placed in the care of the defendant Woodcock; that the cat was possessed of vicious propensities of which the defendants had knowledge; and that the defendant Woodcock failed to properly confine the cat and negligently permitted it to go at large and onto the plaintiff's premises, where it bit her.

The plaintiff construes the complaint as stating two causes of action: one, that the defendants, with knowledge of its vicious propensities, kept the cat, and that it came upon the plaintiff's premises and there bit her; as to this cause of action, she says the allegation that the defendants negligently restrained the cat was surplusage; two, that the defendants negligently failed to restrain the cat, and as a consequence it came upon the plaintiff's premises and bit her; as to this cause, she says the allegation of the viciousness of the cat and the knowledge thereof of the defendants was surplusage.

We incline to the view that the complaint states a single cause of action based upon the defendants' negligence in failing to properly restrain a cat which they knew to be vicious, and in permitting the cat to go at

large and to trespass upon the premises of the plaintiff, where it bit her. The trial court was not in error in failing to charge the jury in relation to the plaintiff's so-called second cause of action.

Further, the evidence of facts before the jury affords no basis for a claim of negligent misconduct in the keeping or restraining of a cat which was not vicious. The record shows that the plaintiff offered evidence to prove that the defendant Cheney owned a large Angora cat, which he placed in the care of the defendant Wood-cock; that both defendants had knowledge of the vicious propensity of the cat to bite; that the defendant Woodcock negligently permitted the cat to go at large and onto the plaintiff's premises; and that while so trespassing the cat bit the plaintiff, who was at that time in the exercise of due care. The defendants offered evidence to prove that the cat did not possess the vicious propensity to bite; that the defendants did not have knowledge of such vicious propensity; that neither defendant was negligent, but that the biting was caused by the negligent misconduct of the plaintiff in respect to the cat.

The plaintiff requested the court to charge that if the jury found the cat was vicious and inclined to bite, and the defendants had knowledge of its vicious propensities, they would be liable without proof of any negligence in the manner in which the cat was kept, and regardless of efforts made by them to restrain the cat so as to prevent its injury of others. Nothing in the record indicates that an Angora cat is, naturally, either inclined to mischief or vicious.

This request must be equally applicable to every other domestic animal which, like the cat, has neither mischievous nor vicious propensities. If its theory be sound, then no matter how great the diligence of an owner, or how securely he restrain a domestic animal,

and no matter in what way or by what agency the animal escape, the owner will be liable if the animal have either mischievous or vicious propensities which are known by him.

Under this rule, the owner of such a domestic animal keeps it, as he would an animal *feræ naturæ*, at his peril. Many authorities so hold, and make the owner an insurer against damage by a mischievous or vicious domestic animal in the same way as against damage done by an animal *feræ naturæ*. There are expressions in *Woolf* v. *Chalker*, 31 Conn. 121, which seem to sanction this doctrine, but at least since *Baldwin* v. *Ensign*, 49 Conn. 113, if not always, our law has not adopted this harsh doctrine. With us negligence is the foundation of an action of this character. If one keeps a domestic animal having neither mischievous nor vicious propensities, he will not be liable if the animal trespass and do injury. *Barnum* v. *Vandusen*, 16 Conn. 200; *Woolf* v. *Chalker*, 31 Conn. 121; *Van Etten* v. *Noyes*, 128 N. Y. App. Div. 406, 112 N. Y. Supp. 888; 1 Thompson, Commentaries on Negligence, § 888.

This rule, of course, has no application to cases of voluntary trespass, as, for example, when an owner trespasses, taking his dog with him. If the domestic animal belongs to a species naturally inclined to do mischief or be vicious, or if it be in fact vicious, and the owner have knowledge, actual or constructive, of such propensity, it is his duty to use reasonable care to restrain the animal in such manner as to prevent its doing injury, and when he permits the animal to go at large or to trespass, he fails in his duty, and hence is liable for injury done by the trespassing animal. *Baldwin* v. *Ensign*, 49 Conn. 113. The tendency of modern authority is toward our rule. *De Gray* v. *Murray*, 69 N. J. L. 458, 461, 55 Atl. 237; *Worthen* v. *Love*, 60 Vt.

285, 286, 14 Atl. 461; *Hayes* v. *Smith,* 62 Ohio St. 161, 56 N. E. 879; 1 Thompson, Commentaries on Negligence, §§ 881, 845, 849.

The cat is not of a species of domestic animals naturally inclined to mischief, such as, for example, cattle, whose instinct is to rove, and whose practice is to eat and trample growing crops. The cat's disposition is kindly and docile, and by nature it is one of the most tame and harmless of all domestic animals.

The practical impossibility of preventing a cat trespassing unless it be confined as would be an animal *feræ naturæ,* the infrequency of damage from its wandering, and the freedom to roam permitted it by all, makes especially reasonable the rule that no negligence can be attributed to the mere trespass of a cat which has neither mischievous nor vicious propensities, and consequently no liability attaches for such trespasses, since an owner cannot be compelled to anticipate and guard against the unknown and unusual.

If, however, the cat be of a species having, or in fact of, a mischievous or vicious disposition, or its owner knows this propensity, and then permits the cat to go at large or trespass, he will be liable for the damage done by it resulting from the trespass. His liability arises from his negligence in permitting the cat of this known disposition to trespass or be at large and in his violation of his duty to use reasonable care to restrain the cat. The trial court did not err in failing to comply with this request.

The plaintiff complains of the instruction of the court that an essential element in the proof of plaintiff's cause of action was the fact that the defendant, with knowledge of the vicious propensity of the cat, negligently permitted it to trespass upon the plaintiff's premises. And, further, of the instruction that the duty of the defendant, if the cat was known to him to

be of vicious propensities, was to exercise reasonable care to prevent its doing injury to another.

These instructions were correct as far as they went. It would have been better to have stated, in this connection, that the law would presume from the trespass of a cat of such known propensities that the trespass was occasioned by the negligent restraint of the cat, but that this presumption might be overcome by the owner by showing that he had exercised due care in the restraint of the cat. *De Gray* v. *Murray*, 69 N. J. L. 458, 461, 55 Atl. 237; 2 Amer. & Eng. Ency. of Law (2d Ed.) 368.

Considering these instructions apart from the established facts, it is possible to draw from them the conclusion that proof of actual negligence in the manner of the restraint was required, and that it might not be inferred from the fact of the trespass under these circumstances. This particular objection has not been made. Criticism of the instruction has been limited to the claims that two causes of action are set up in the complaint, and that the owner is liable for injury done by a cat of such known propensities regardless of whether there was negligence in the manner of the restraint used. We have already pointed out the unsoundness of these grounds.

The recital of the facts in evidence shows that the defendants did not claim to have restrained the cat, and that the seriously disputed questions in the case were as to the vicious propensities of the cat, and the knowledge thereof by the defendants.

As the court left the decision of the case to the jury, and there was no specific evidence of either care or want of care in the restraint of the cat, the jury must have understood that, under the circumstances of the case, if they found the cat to possess vicious propensities known to the defendants, and the plaintiff was

not contributorily negligent, the verdict for the plaintiff would be justified.  We cannot say the omission to qualify and explain the charge in the manner we have pointed out was harmful to the plaintiff.

The charge upon the subject of contributory negligence was so obviously correct we omit discussion of the plaintiff's assignment of error in this particular.

There is no error.

In this opinion the other judges concurred.