■ DEBORAH LANDES et al., Appellants-Respondents, v H.E. FARMS, INC., et al., Respondents-Appellants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 10, 1989, which granted defendants' motion to dismiss the complaint as to defendant Harry De Leyer but denied it as to corporate defendant H.E. Farms, Inc. (Farms), unanimously modified, on the law, to the extent of granting summary judgment in favor of Farms against plaintiffs, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of defendant H.E. Farms, Inc., dismissing the complaint as against it.

Order of the same court, entered on or about March 28, 1990, which denied plaintiffs' renewal motion addressed to the prior order, unanimously affirmed, without costs.

Plaintiff Deborah Landes and her husband commenced this negligence action to recover damages for personal injuries sustained when she fell off one of defendants' horses at the latter's livery stable in Suffolk County. After issue was joined, defendant De Leyer successfully moved for summary judgment on his own behalf, but the court denied relief as to the corporate defendant, Farms. We conclude that summary judgment should have also been granted to Farms, and that plaintiffs' renewal motion was properly denied.

A horse is a "domestic animal" as a matter of law (Agricul-

ture and Markets Law § 108 [7]). The owner of a domestic animal is not liable for injury caused by such an animal unless he knows or should have known of its vicious propensities *(Muller v McKesson,* 73 NY 195). In his affidavit in support of the motion for summary judgment, defendant De Leyer established that he did not know of any vicious tendencies on the horse's part from the time of the horse's purchase until the date of the incident. To his knowledge, the horse had never thrown a rider. When he first assisted plaintiff in mounting the horse, he noted that she rode the animal several times around the ring without any difficulty. De Leyer also contradicted plaintiff's assertion that she was a mere novice or beginner-level rider, because she had made mention to him of her considerable riding experience as a child, a teen-ager, and up to two years before the incident. In light of such proof, it became incumbent upon plaintiffs to come forward with evidence sufficient to raise a triable issue. Merely conclusory allegations are insufficient *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Here, plaintiffs' affidavits and documents failed to set forth any basis for actual knowledge on the part of either defendant of any vicious propensities of the horse prior to plaintiff's mishap, the essential element to establish liability in this kind of claim *(Plue v Lent,* 146 AD2d 968). Additionally, plaintiffs failed to demonstrate that such knowledge could be implied due to the type of horse involved. While plaintiffs strenuously urged that the horse was a "thoroughbred racehorse/stallion", these characteristics fell far short of a showing that the horse may have acquired vicious propensities *(cf., Strunk v Zoltanski,* 62 NY2d 572, 578, n 1 [Kaye, J., dissenting] [where the offending domestic dog is a German Shepard, vicious propensities can be implied since that breed is said to have inherited such tendencies from " 'wolf ancestors' "] ). De Leyer's acknowledgment in a newspaper article that a thoroughbred is a faster, more energetic breed than the typical livery stable plug does not suffice to raise an inference that this particular horse may possess vicious tendencies. Consequently, summary judgment was properly granted to defendant De Leyer, and it should have also been granted to Farms.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.