**Jim BERNEATHY and Mary Ann Berneathy, Plaintiffs–Appellants,**

*v.*

**Johnny PURSLEY, Warren Butler, and Bob Rouse, Defendants–Respondents.**

No. 17722.

Missouri Court of Appeals, Southern District, Division One.

June 23, 1992.

Susan Appelquist, Springfield, for plaintiffs-appellants.

M. Sean McGinnis, C. Bradley Tuck, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiffs sought damages due to plaintiff Jim Berneathy being thrown from a horse. Summary judgment was entered in favor of defendants on all counts of plaintiffs' seven-count petition. Plaintiffs appeal.

■ Summary judgment is authorized by Rule 74.04. It is to be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.-04(c). Such judgment is to be entered "only when no theory within the scope of the pleadings, depositions, admissions and affidavits would permit recovery". *Mer-*rick v. Southwest Electric Cooperative, 815 S.W.2d 118, 123 (Mo.App.1991). The record is considered in the light most favorable to plaintiffs as they are the parties against whom judgment was rendered. *Erickson v. Pulitzer Publishing Co.,* 797 S.W.2d 853, 857 (Mo.App.1990).

For their first point plaintiffs contend that the trial court erred in entering summary judgment because "genuine issues of material fact exist in that the identity of the horse that injured the appellant, the ownership of the horse that injured the appellant, and how the appellant's injuries occurred were not conclusively established." Although there appeared to be a dispute as to those facts, they do not remain material if other facts are not in dispute and those facts conclusively establish that plaintiffs cannot recover.

■ A material fact is one that is of such legal probative force as to control or determine the outcome of the litigation. *Ware v. St. Louis Car Co.,* 384 S.W.2d 287, 290 (Mo.App.1964). The slightest doubt about such a fact gives rise to a genuine issue of material fact. *Karney v. Wohl,* 785 S.W.2d 630, 632 (Mo.App.1990).

■ Liability of the owner or keeper for injuries from animals are governed by two general rules, one for an animal classified as a "wild and savage beast" and a different rule for a domestic animal; a horse is included in the latter classification. *Robidoux v. Busch,* 400 S.W.2d 631, 637 (Mo. App.1966). See also 4 Am.Jur.2d Animals § 80, p. 326 (1962) (discussing absolute liability for injuries inflicted by wild or naturally dangerous animals). The owner or keeper of a domestic animal is liable if the animal is vicious, or possessed of a tendency to injure persons, and the owner has either actual or constructive notice of those inclinations. *Robidoux,* 400 S.W.2d at 637. See also 4 Am.Jur.2d Animals § 86, p. 332 (1962).

■ To impose liability upon the owner of an animal that is not naturally dangerous, it is sufficient if the owner has seen or heard enough to convince a person of ordinary prudence of the animal's inclination to

commit injury. *Heald v. Cox,* 480 S.W.2d 107, 111 (Mo.App.1972). See also *Lawrence v. Windsor,* 693 S.W.2d 853, 856 (Mo.App.1985) (plaintiffs have burden to show dangerous propensity and defendants' knowledge).

■ Plaintiffs' failure to present a basis for actual or constructive knowledge by an owner or keeper of the vicious propensities of a horse prior to plaintiff's mishap, entitles an owner or keeper to summary judgment. *Landes v. H.E. Farms, Inc.,* 169 A.D.2d 446, 564 N.Y.S.2d 151, 152 (1991).

Plaintiffs' theories of liability on the various counts in their petition are that the horse had a propensity to buck and that a material representation was made as to whether the horse had been "broken". If neither of these premises can be established then the facts recited by plaintiffs in their first point become immaterial because no submissible case was made.

Plaintiffs do not contend that they could establish that the horse had a vicious or dangerous propensity. Therefore, summary judgment was properly entered on the counts based on that theory, Counts One and Two. Count Three was based on the failure of defendant Pursley to warn plaintiff Jim Berneathy of the risk of being thrown and as plaintiffs cannot show that Pursley knew the horse had a propensity to do so, that count must also necessarily fail.

■ Count Four seeks recovery against defendant Pursley because he represented that the horse was "well broken" sometimes referred to in the record as "broke to death". In Count Five plaintiffs ask for recovery against defendants Butler and Rouse on the same theory stating that defendant Pursley was acting as agent for defendants Butler and Rouse in making the misrepresentation.

The questions presented in plaintiffs' remaining points are whether the misrepresentation was an expression of fact and, if an opinion of fact, whether there is a basis in the record to say that the statement by Pursley was false.

Defendants say that the statement regarding the horse, if made, was true, and as plaintiffs have no evidence otherwise, summary judgment was properly granted for that reason. If true, there was no misrepresentation. Throwing its rider on one occasion does not establish that the horse was not "well broken". *Cf. Lawrence,* 693 S.W.2d at 856 (one kick not enough). It is unnecessary for this court to decide if the statement was a statement of fact on which a misrepresentation may be based.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.