[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Defendant Betty L. Maniatty moves to strike the second and third counts of the complaint filed by plaintiff Kelsey Hansen, who seeks compensation for injuries she suffered while caring for horses on the defendant's property. The defendant claims the plaintiff has failed to allege facts to support a claim based on reckless conduct, which is the legal theory of the second count, or a claim based on absolute liability, which is the legal theory of the third count. For the reasons stated below, the court strikes the third count but not the second count.
Plaintiff Kelsey Hansen alleges that she was kicked in the forehead by a horse. She alleges that the horse was owned by Margaret Fullington, the defendant's daughter, but was kept on Marabet Farm, which is owned by the defendant. The plaintiff also alleges that the horse was known to have vicious propensities.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahanand King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Id. motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendant first argues that the plaintiff's allegations supporting her claim of recklessness are not significantly different than those supporting her claim of negligence. The plaintiff, on CT Page 2037 the other hand, argues that she has alleged additional facts relating to the defendant's knowledge of the horse's vicious propensities.
Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . [R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 532-33, 542 A.2d 711 (1988).
The plaintiff alleges in the first count that the defendant knew or should have known of the horse's dangerous propensities. In the second count, the plaintiff further alleges that the defendant's daughter, Margaret Fullington, was not on the farm when the plaintiff was injured; that Fullington did not have anyone supervising the plaintiff, that Fullington had previously been injured by the horse; and that two other individuals had previously been injured by the horse. These allegations sufficiently allege conduct from which recklessness may be inferred. The defendant's motion to strike the second count is denied.
The defendant contends the third count, in which the plaintiff alleges absolute liability, is legally insufficient in that a horse cannot be characterized as a wild animal. The plaintiff on the other hand, maintains that an animal with vicious propensities is a wild animal.
"Many authorities . . . make the owner an insurer against damage done by a mischievous or vicious domestic animal in the same way as against damage done by an animal ferae naturae.[1]
There are expressions in Woolf v. Chalker, 31 Conn. 121, which seem to sanction this doctrine, but at least since Baldwinv. Ensign, 49 Conn. 113, if not always, our law has not adopted CT Page 2038 this harsh doctrine. With us negligence is the foundation of an action of this character. If one keeps a domestic animal having neither mischievous nor vicious propensities, he will not be liable if the animal trespass and do injury." (Footnote added)Bischoff v. Cheney, 89 Conn. 1, 4, 92 A. 600 (1914) "If the domestic animal belongs to a species naturally inclined to do mischief or be vicious, or if it be in fact vicious, and the owner have knowledge, actual or constructive, of such propensity, it is his duty to use reasonable care to restrain the animal in such manner as to prevent its doing injury. . . ." Id. In Baldwin v.Ensign, supra, 49 Conn. 113, 44 A. 205 (1881), the court applied the governing law as if a horse was a domestic animal. The court in Hope v. Valente, 86 Conn. 301, 304, 85 A. 541
(1912) stated that "[i]t is said that as a horse is a domestic animal not natural!y vicious or inclined to mischief, an owner is not negligent in leaving it tied in the street unless the individual horse so left is vicious and the owner knows it.
"A horse is a domesticated animal. Thus, it is presumed not to be vicious or dangerous and it is not a dangerous instrumentality." 4 Am.Jur.2d, Animals § 113 (1995). Other jurisdictions also consider the horse a domestic animal. "The word `domestic', when used as a descriptive of the word `animals,' means, in its general usage, a tamed animal as distinguished from a wild animal. Tame animals are those which are naturally tame and gentle, or which, by long association with man, have been thoroughly domesticated and are reduced to a state of subjection to man's will included within this definition of `domestic animals' are such animals as horses, sheep, goats, cows, pigs, poultry, and all other animals which live in association with man." Smith v. State Farm Fire Casualty Co.,381 So.2d 913, 914-15 (La.App. 1980). "Liability of the owner or keeper for injuries from animals are governed by two general rules, one for an animal classified as a `wild and savage beast' and a different rule for a domestic animal; a horse is included in the later classification." Berneathy v. Pursley, 832 S.W.2d 524,525 (Mo.App. 1992). "The distinction between the liability of the owner of domestic animals which are naturally tame, such as horse, mules, cattle, goats, sheep, dogs and the like, and the owner or keeper of animals that are naturally wild and savage is well understood and needs little discussion". Robidoux v.Busch, 400 S.W.2d 631, 637 (Mo.App. 1966). "`Originally all the animals which are now used by man were wild. One after another they have become domesticated, and subject to his control, ownership, and use. As time progressed they gradually CT Page 2039 lost their character of wildness, and became more and more subject to mankind, and more and more regarded as ordinary property. At this day no one would contend that a horse was not the subject of absolute property because his ancestors were originally wild; and the same may be said of other animals now thoroughly recognized as domestic.'" State v. Wallace,49 N.C. App. 475, 481, 271 S.E.2d 760, 764 (1980).
The plaintiff in the present case has alleged that the horse was a wild animal, and therefore the plaintiff is subject to absolute liability. However, as discussed above, Connecticut courts have determined a horse to be a domestic animal, and that an owner is liable in negligence if the animal has vicious propensities.Bischoff v. Cheney, supra, 89 Conn. 4. Furthermore, the weight of authority in other jurisdictions also supports this proposition. The owner of a horse is frequently held liable for personal injuries caused by the animals biting, kicking, trampling, or the like, when it is shown that he knew or had cause to know, of its vicious propensities." 4 Am.Jur.2d, Animals § 114 (1995). Accordingly, the defendant's motion to strike the third count is granted.
The motion to strike is denied as to the second count. The motion is granted as to the third count.
Thim, J.