## JOHN LYONS *vs.* DANIEL B. MERRICK.

The beast of the defendant escaped from his field through an insufficient fence into the field of A., thence into the field of B., and thence into the field of the plaintiff, and injured the plaintiff's mare. *Held*, that the defendant was liable for the injuries, although, as between him and A., the latter was bound to keep the fence between their fields in repair, although the fence between the plaintiff's field and B.'s was insufficient, and although the defendant did not know that the beast was vicious.

In an action of tort, allegations in the declaration not necessary to make out the case need not be proved, if not essentially descriptive or inseparably connected with material allegations.

In an action for damage done in the plaintiff's field by a horse which the defendant was pasturing for hire, and which escaped by his negligence from his pasture to the field of the plaintiff, the judge instructed the jury that, so far as the damage resulted from the horse's conducting itself as an animal ordinarily would do, and might fairly be expected to do, the defendant would be responsible, but that so far as the damage resulted from some peculiar viciousness of the horse, he would not be responsible. *Held*, that the defendant had no ground of exception.

TORT. The first count of the declaration alleged that the plaintiff was owner of a mare, and also of a pasture properly fenced in Wilbraham; that he placed the mare in the pasture; that the defendant was owner of a mule, and also had in his possession to keep for hire a horse of John Fuller, and possessed a lot of land upon which he turned the mule and the horse, and "the lot was so badly, negligently and poorly fenced and secured, through the fault and negligence of the defendant," that the mule and horse escaped therefrom, broke into the plaintiff's pasture, and injured his mare so that she died.

The second count alleged that the plaintiff was owner of a mare and a pasture, and placed the mare in the pasture; that the defendant was owner of a mule and a lot of land, and had in his keeping a horse of Fuller as aforesaid; that he placed the mule and horse upon the lot, and "was bound to keep and retain said beasts within and upon his own premises, and that they should not injure the plaintiff; that the mule was vicious, and disposed and accustomed to break down and destroy fences, and to escape from the lots of the owner, which the defendant well knew, yet the defendant so negligently and carelessly conducted in the matter that he carelessly and negligently placed the mule and the horse in his lot without sufficiently guarding them or

providing against their escape;" and that the mule and horse broke away from the defendant's lot, and into the plaintiff's pasture, and injured his mare so that she died.

The third count alleged that the plaintiff was owner of a mare and a pasture; that the mare was in the pasture; that a mule belonging to the defendant, and a horse of John Fuller which the defendant had in his charge and keeping for hire, without fault or negligence on the part of the plaintiff, broke into the plaintiff's pasture and injured his mare so that she died.

At the trial in the superior court, before *Devens*, J., the plaintiff offered evidence tending to show that the defendant's mule, and the horse of Fuller, which the defendant was pasturing for hire, came into the plaintiff's pasture and there so chased, kicked and injured the plaintiff's mare that she died; that the mule was accustomed, before the time of this injury, to jump and escape from the lots of the defendant; that the defendant knew of this habit of the mule; and that the lot where the defendant placed the mule and horse was insufficiently and negligently fenced.

It appeared that the lot of the defendant, from which the mule and horse escaped, was situated about half a mile from the plaintiff's pasture; that next to the defendant's lot was the lot of Peter Glover, next to Glover's lot was a lot of Simon Bloomer, and next to Bloomer's lot was the pasture of the plaintiff.

The defendant offered evidence tending to show that "the partition fence between his lot and Glover's had not been legally divided, but that for the purpose of repairs one portion had always been repaired by himself and those under whom he claimed, and the other by Glover and those under whom he claimed; that the animals escaped through that portion of the fence which Glover was accustomed to keep in repair, and that it was not a lawful fence; that between Glover's lot and Bloomer's lot there was no fence at all, and between Bloomer's lot and the plaintiff's pasture was not a lawful fence; and that after the animals escaped into Glover's lot, they then passed through Bloomer's lot and over the insufficient fence next the plaintiff's pasture into the pasture."

The defendant requested the judge to instruct the jury "that if the animals escaped through the defect or want of repair of the fence which in the division Glover was bound to repair, and got into the plaintiff's pasture in consequence of the insufficient fence between Bloomer and the plaintiff, then the plaintiff could not recover; that the action could not be maintained, without proof of knowledge on the part of the defendant that these animals were vicious and accustomed to do mischief; that the plaintiff could not recover under his declaration, without proof that the defendant knew that these animals were vicious and accustomed to do mischief of the kind alleged; and that the defendant would not be liable for any injury done by Fuller's mare."

The judge declined to instruct the jury as requested, and instructed them as follows: "The gist of the action is negligence on the part of the defendant. In order to maintain it, the plaintiff must show that the animals were negligently kept by the defendant, and as a consequence of that negligence escaped from the premises of the defendant, and having so escaped, came into the close of the plaintiff, and there did damage to the plaintiff's mare. If the field into which the defendant put his animals was insufficiently fenced, and known to be so by the defendant, it would be negligence on his part to place them there. If the insufficient fencing was by reason of a failure on the part of Glover (upon whom the defendant bounded and who should have maintained his part of the fence) to put up his part of the fence, it would still be negligence to place the animals there, and if they escaped through Glover's part of the fence into Glover's field, and from Glover's field into the field of a third party, and from this latter field got into the field of the plaintiff, which field was fenced although with a fence so low that the animals could get over it, and there did damage, for this damage the defendant would be responsible. As to the damage, the liabilities of the defendant as to these animals were different. Of one he was the owner; of the other, the keeper for hire. The defendant is responsible for all damage done by the mule, whether proceeding from the viciousness of the animal, or his playfulness, conducting himself as an animal of this kind would ordinarily do on finding

himself in a new pasture and with other animals. Of Fuller's horse, the defendant was not the owner, but keeper for hire, and as such bound to keep him safely, so that he should not by escaping do any damage. If, by the defendant's negligent keeping, the horse escaped into the premises of the plaintiff, and there did damage, so far as that damage resulted from the horse's conducting himself as an animal ordinarily would do, and might fairly be expected to do, the defendant would be responsible; but so far as damage resulted from some peculiar viciousness of the animal, he would not be responsible."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. A. Winchester*, for the defendant. It was not negligence for the defendant to turn in his animals, if he had properly repaired his part of the fence. "Negligence is the omission to do something which a reasonable man would do, or doing something which a prudent and reasonable man would not do." Per Alderson, B., in *Blyth* v. *Birmingham Water Works Co.* 11 Exch. 781. What would a reasonable man do under the circumstances of the present case? He would not allow his pasture to be unoccupied, nor would he go and build his neighbor's fence. If the animals escaped through the neglect of Glover to build the fence, Glover could maintain no action for the trespass. Gen. Sts. c. 25, § 25. The animals were rightfully on Glover's land, and the defendant was no more responsible for their escape from Glover's land than he would have been for the escape of Glover's animals. At least it then became incumbent upon the plaintiff to show that the fence between him and Bloomer had never been divided, or that the animals had escaped through Bloomer's fence. No such evidence was offered; and under the instructions given it was immaterial. If the plaintiff allowed the fence around his pasture to be out of repair, he did not use ordinary care and cannot recover. *Park* v. *O'Brien*, 23 Conn. 339. *Neal* v. *Gillett*, Ib. 437. *Brown* v. *Kendall*, 6 Cush. 292. *Horton* v. *Ipswich*, 12 Cush. 488. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123, 131. The action could not be maintained without proof of knowledge on the part of the defendant that the animals were

vicious and accustomed to do mischief. *Smith* v. *Pelah*, 2 Strange, 1264. *May* v. *Burdett*, 9 Q. B. 101, 112. *Hogan* v. *Sharpe*, 7 C. & P. 755. *Card* v. *Case*, 5 C. B. 622. *Jackson* v. *Smithson*, 15 M. & W. 563. *Popplewell* v. *Pierce*, 10 Cush 509. *Vrooman* v. *Lawyer*, 13 Johns. 339. *Lyke* v. *Van Leu ven*, 4 Denio, 127 ; *S. C.* 1 Comst. 515. The case of *Barnes* v. *Chapin*, 4 Allen, 444, goes to the verge of the law, which ought not to be pressed further. The plaintiff could not recover under his declaration without proof that the defendant knew that the animals were vicious, as alleged. *Van Leuven* v. *Lyke*, 1 Comst. 515. The defendant was not liable for any injury done by Fuller's horse. *Buddington* v. *Shearer*, 20 Pick. 477. *Capron* v. *Thompson*, 3 Met. 59. *Russell* v. *Tomlinson*, 2 Conn. 206. *Van Steenburgh* v. *Tobias*, 17 Wend. 562.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the plaintiff.

COLT, J. The declaration charges the defendant with negligence in turning his mule, and a horse which he was keeping for hire, into a pasture insufficiently fenced. The instructions given at the trial, as to what would be negligence in this regard, were full and accurate. The defendant cannot avoid the liability by showing that the obligation to maintain that part of the fence through which the animals escaped was upon a third party, who owned the adjoining land over which the animals passed on their way to the plaintiff's pasture. The rights and obligations existing between adjoining owners in respect to fencing, whether regulated by statute, or by agreement, do not affect the right to recover in this case. At common law, the tenant must keep his cattle upon his own land at his peril. The defendant, as against the plaintiff, is subject to this common law duty, the parties are not adjoining owners, and their obligations are not affected by statute in this respect. It was negligence to turn the animals into a lot insecurely fenced, for which the defendant is responsible if any injury ensued, without regard to the obligations existing between the defendant and the tenant of the next lot. It may be that the defendant would not be liable in trespass for their escape into that lot, if the tenant of it was in fault, for no one can recover for an injury to which his own negligence con-

tributed. And yet as to the plaintiff, the animals while in that lot were unlawfully there, and no obligation rested upon him to fence his lot against them. It was therefore immaterial what the condition of the fence around the plaintiff's pasture was. *Rust* v. *Low*, 6 Mass. 90. *Eames* v. *Salem & Lowell Railroad Co.* 98 Mass. 560. The instructions asked for on this part of the case could not be properly given.

The other instructions asked were also properly refused. The owner of an animal, or the person who in his place and by contract with him has the exclusive custody and control of it, is liable for injuries which he negligently suffers it to commit. The liability stands wholly upon the ground of actual or presumed negligence. If the injury is committed while trespassing upon the lands of others, the owner is chargeable, and is responsible for the damage which directly results therefrom as the natural and probable consequence. In other cases he may be liable, although there is no trespass, and the animal is rightfully in the place where the mischief is done; as where the injury comes from the vicious disposition or mischievous habits of the animal, of which the owner had previous actual notice; or where, without actual notice, the disposition and habits are so universal among the species that notice is presumed, as in the case of wild and savage beasts. The owner or keeper of such animals, with actual or implied notice of their character, is bound at his peril to keep them, at all times and in all places, properly secured; and is responsible to any one who without fault on his own part is injured by them.

The rulings which were asked on this point proceed upon the ground that the defendant could not be held liable, and the action could not be maintained at all, without proof of knowledge on his part that these animals were vicious and accustomed to do mischief. But, on the part of the defendant, there was negligence enough to support the action, in placing the animals where they would be likely to escape and become trespassers upon the plaintiff; and upon the question of the right to maintain the action the defendant's knowledge or want of knowledge of their character was immaterial. We are not required to consider what effect, if any, it would have upon the amount of the damages for which he would be liable.

The form of the plaintiff's declaration does not require him to prove the alleged viciousness and the defendant's knowledge, because without these allegations there is enough stated to charge the defendant with negligence, and the plaintiff was bound to prove no more than was necessary to make out his case. This is the rule in actions of tort, where the plaintiff is not obliged to prove allegations not essentially descriptive or so connected with material averments that they cannot be separated. *McDonald* v. *Snelling*, 14 Allen, 290. *Barnes* v. *Chapin*, 4 Allen, 444. *Decker* v. *Gammon*, 44 Maine, 322. Shearman & Redfield on Negligence, § 185.

As to the defendant's liability for the damage done by the horse which he was keeping for hire, the rule laid down at the trial was certainly sufficiently favorable to him. *Barnum* v. *Vandusen*, 16 Conn. 200. *Exceptions overruled.*