FRANK P. HARDIMAN *vs.* JOHN H. WHOLLEY.

Essex.    November 7, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Injuries caused by Kick of a Horse.*

At the trial of an action for personal injuries caused by the kick of a horse, it appeared that the wagon to which the horse was attached had stuck in the mud half an hour before the accident, and this horse and another had been unhitched and were feeding out of feed-bags attached to their heads. There was evidence that the horse had been made nervous by the effort to pull the wagon out, and by being brutally beaten, and that he was standing partially on the sidewalk at right angles to it; and, as the plaintiff approached, he suddenly whirled round and kicked him. *Held,* that it was unnecessary to prove that the horse was vicious, and that the refusal to direct a verdict for the defendant was correct.

TORT, for personal injuries occasioned to the plaintiff by the kick of a horse. At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*F. J. Keleher,* for the defendant.

*H. S. Stearns,* for the plaintiff.

HOLMES, J. This is an action to recover for personal injuries caused by the kick of a horse. The wagon to which the horse was attached had stuck in the mud half an hour before the accident, and this horse and another had been unhitched and were feeding out of feed-bags attached to their heads. There was evidence that this horse had been made nervous by the effort to pull the wagon out, and by being brutally beaten, and that he was standing partially on the sidewalk. He was standing at right angles to it, and, as the plaintiff approached, suddenly whirled round and kicked him. The case is here upon an exception to the refusal to direct a verdict for the defendant. The refusal was right. It used to be said in England, under the rule requiring notice of the habits of an animal, that every dog was entitled to one worry, but it is not universally true that every horse is entitled to one kick. In England, if the horse is a trespasser and kicks another, the kick will enhance the damages without proof that the animal was vicious and that the owner knew it. *Lee* v.

*Riley*, 18 C. B. (N. S.) 722. See *Lyons* v. *Merrick*, 105 Mass. 71, 76. So, in this Commonwealth, going further, it would seem, than the English law, a kick by a horse wrongfully at large upon the highway can be recovered for without proof that it was vicious. *Barnes* v. *Chapin*, 4 Allen, 444. *Marsland* v. *Murray*, 148 Mass. 91. *Dickson* v. *McCoy*, 39 N. Y. 400, 401. See *Cox* v. *Burbidge*, 13 C. B. (N. S.) 430. The same law naturally would be applied to a horse upon a sidewalk where it ought not to be, (see *Mercer* v. *Corbin*, 117 Ind. 450, 454,) and in this case there was evidence of the further fact that the horse was in an exceptionally nervous condition in consequence of the driver's treatment.                                        *Exceptions overruled.*