Louis D. Leonard vs. Cornelius Doherty & others.

Norfolk. November 1, 1899. — November 29, 1899.

Present: Holmes, C. J., Morton, Lathrop, Barker, & Hammond, JJ.

*Personal Injuries — Animal — Negligence — Action — Evidence.*

A person who is injured by reason of his horse becoming frightened, while being driven upon a highway, by a sow and pigs which ran from some bushes at the side of the way, may maintain an action against the owner of the swine, if he negligently allowed them to be on the highway at that time.

At the trial of an action for personal injuries occasioned to the plaintiff by reason of his horse becoming frightened, while being driven upon a highway, by a sow and pigs which ran from some bushes at the side of the way adjoining the owner's land, no exception lies to the admission of evidence that the plaintiff had seen pigs there before this time, if the judge in his charge limits the evidence to the purpose of showing whether they were there on this occasion with the knowledge of the owner or the person who had control of them.

Tort, against Cornelius Doherty, Ann Doherty, Patrick Doherty, and Joseph Doherty, for personal injuries caused to the plaintiff by being thrown from his wagon while driving along Page Street, a public way in Avon, in consequence of his horse becoming frightened by a sow and pigs alleged to belong to the defendants. Trial in the Superior Court, before *Sherman, J.*, who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that, as he was driving along Page Street about nine o'clock in the evening of September 1, 1895, opposite the farm of the defendant, Ann Doherty, the sow and pigs ran from some bushes growing within the limits of the highway on the street side of the fence which separated the farm from the highway; that this caused his horse to shy, and he lost temporary control of it and was thrown from his carriage, receiving the injuries complained of; and that the pigs made no attack, and did not attempt, or make any demonstration, to attack the plaintiff or his horse.

The plaintiff put in evidence the deed to the defendant, Ann Doherty, by which it appeared that her land was bounded westerly by Page Street. This street was a country road and was not much travelled. There were no sidewalks, and bushes

were growing within the bounds of the highway on both sides of the travelled part. The houses along this street were scattered and at some distance apart. They were occupied by small farmers, and there were no houses very near the place where the alleged injury happened.

It appeared in evidence that the farm of the defendant Ann Doherty was separated from the street by a stone wall. There was conflicting evidence as to the condition of this wall at the time of the injury complained of, the plaintiff's evidence tending to show that it was down. Back from the road, surrounded by a stone wall, was another field used for the keeping of swine. There was also conflicting evidence as to the condition of this wall, the plaintiff's evidence tending to show that it was down. The nearest point of this field to the road was about two hundred and fifty feet. The plaintiff contended that the swine kept in this field belonged to all the defendants. This they denied, and contended that they belonged to the defendant, Cornelius Doherty. The defendants, Patrick Doherty and Ann Doherty, are husband and wife. The other defendants are their sons, and they lived together about a mile from this farm. There was no direct evidence to connect Ann Doherty with the ownership of the swine, except that she was the owner of the land where they were kept, and the defendants all testified that Cornelius Doherty occupied that land under an oral lease from his mother, Ann Doherty.

The plaintiff's evidence tended to show that there were forty or fifty swine kept here at the time he was injured. The defendants testified that there were seventeen, and that none of them were out of the pen on the night when the injury is alleged to have occurred.

The plaintiff was asked the following question: " Now, had you seen those pigs out there before this time?"

To this question the defendants objected, but it was admitted, and the defendants excepted. The plaintiff answered "Yes." There was conflicting evidence on this point. The plaintiff's evidence tended to show that hogs and pigs had been in the street in numbers from one to fifteen on an average of three times a week all summer. The defendants testified they were out but a few times all summer, and then they got out because

dogs running in the field where they were kept, for the swill, threw the stones off the wall which surrounded the field.

The defendants requested the judge to rule as follows:

" 1. Under the deed to the defendant, Ann Doherty, she was the owner of the fee in the land upon Page Street to the centre of the street, with full right of enjoyment in that portion of the street to herself or any person she might permit to occupy it, within that limit, in any manner not inconsistent with the enjoyment of the public for the purpose of a highway, with the right to depasture it, and to take the herbage and whatever else of value that grew thereon to any extent, not infringing the proper use of the street by the public. This right is exclusive of all other persons, and the plaintiff can have no action against the owner of the swine merely because those animals were in the highway. 2. The plaintiff can maintain his action only against the owner of the swine, and if he was injured by the acts of the swine, which consisted only in their running across the highway in front of the plaintiff's horse, without attacking, or making any demonstration to touch or attack the plaintiff or his horse, then the plaintiff cannot recover. The jury must find that the animal causing the injury was vicious, that the injury was caused by its viciousness, and that the owner knew it to be vicious. 3. No action can be maintained against the owner of the swine merely because those animals were in Page Street, but to entitle the plaintiff to recover he must show that the swine causing the injury were vicious, that the owners knew them to be vicious, and that their viciousness caused the injury. 4. The owner of land is under no obligation to fence his land along the highway. 5. To allow swine to be on Page Street unattended by their owner or his servant is not unlawful or such a breach of duty that that fact alone would render the owner liable for injuries caused to another person that may accidentally flow therefrom. 6. If the swine were on Page Street that fact does not give the plaintiff, who was not the owner of the land bounding on Page Street, any right of action against the owners of the swine for trespass, or because the swine in running across the street frightened the plaintiff's horse. But to entitle the plaintiff to recover for an injury caused by the swine, he must show that the swine causing the injury were vicious, that their viciousness caused the injury,

and that the owner knew them to be vicious.    7. Under all the evidence in the case the plaintiff cannot recover.    8. The plaintiff's declaration sets out no cause of action.    9. In order to constitute the presence of the swine on the defendants' land within the limits of the highway wrongful on the part of the owner, it should appear that the circumstances and occasion, or that the character and habits of the animals, were known to the owner to such an extent as to warrant the finding of the fact of carelessness on the part of such owner in reference to the convenience and safety of the travelling public."

The judge gave the first instruction requested, and upon the other requests instructed the jury, among other things, as follows:

" If a horse or pig or any other animal, except a dog, strays into the street and does an injury, that would not ordinarily be considered negligence.    In order to make the defendants, or any of them, liable for this injury, you must be satisfied that they either permitted the swine to go into the street without an attendant, and permitted them to graze or run in the street, or that they were negligent about it.    That is to say, that they did·not use such care in relation to keeping them in the field or in the pen as an ordinarily prudent person would use, and that on that account they strayed out into the highway.

" I am leaving out of the question who is liable, and only considering whether any one is liable.    Whoever was the owner or had the control of the swine, were they negligent in having them on the street at this time?    I have let in some evidence as to what had been seen in relation to the swine prior to this time, and that is not because it is claimed that they did any harm at prior times, the only purpose of that evidence is, and it is restricted to that purpose, to show whether they were out there on this occasion with the knowledge of the defendants or whoever was the owner or had control of them ; and if you shall be satisfied that they were at large a good many times in the highway, that would be evidence upon which you might find that they did not take proper care to keep them in the field.    So you will consider all the evidence that has been offered, as to the height and the kind of wall, the kind of fence, and the kind of bars or gates, whatever it was, and you are to determine from the evidence as to how these enclosures were cared for.    So the first

question is: Was proper care taken to keep these animals within the limits of the field, or were they allowed to go into the highway with the knowledge of the owner, or the person in control, or did they go there on this occasion by a pure accident, and not by any fault or lack of due care on the part of that owner?

" If you find, then, that the defendants were negligent, that the owner or owners knew that the swine were running in the street, and liable to be in the street on account of the condition of the fences, or for any other cause, then you go to the next question, because that does .not determine the right to recover. If you find they were not, that it was a mere accident that they got out, that the fences were proper, and that they got out without the fault or negligence of the owner, then the plaintiff cannot recover.

" If you find upon all the evidence and careful consideration of all the facts, in relation to the keeping of these swine, that the defendants knowingly permitted them to be in the highway, then you go to the next question, and you have to consider that for this reason: A person who owns land adjoining upon the highway owns the fee, as it is called, that is, he owns the land to the centre of the street; and so a man may keep his swine on the side of the street, or he may pasture his animals there, provided he does it in such a way as not to interfere with public travel. We have a statute which does not allow animals to be in the street without an attendant, but a man may have his cattle graze in the street if he does it with an attendant and under such proper regulations and with such care as not to interfere with public travel.

" So the next question is, remembering the rights of the defendants, or whoever had the control of the swine, were they in the street because of the negligence of that person, and were they there under such circumstances, in such numbers and at such times, without an attendant, as would be liable to endanger the public travel? If you find that their presence there would be liable to frighten horses, and you find also that it did on this occasion frighten the plaintiff's horse, while he was driving it, using due care, then you may find the defendants liable, but not otherwise.

" Now, if Mrs. Doherty was the person who owned the land

and kept the swine there, she would be the person who would be chargeable with the duty of properly taking care of them. If you believe the evidence of these defendants, then she would not be liable; and if the wife let the land, as she claims she did, for the purpose of keeping these swine there, and the husband knew that, and he had no control or took no care of the pigs, of course he would not be liable. If all Joseph Doherty had to do with the pigs was to bring swill there, and he had no control or management of them otherwise, he would not be liable; and therefore if you believe this claim of the defendants that no one but Cornelius Doherty owned the pigs, then nobody but Cornelius would be liable. It is all a question of fact for you to determine under the evidence. In order to find for the plaintiff as against anybody but Cornelius Doherty, you must find that they were either the owners, or had control of the swine, so it would be their negligence. But you must determine whether there is any evidence to satisfy you, by a fair preponderance of the evidence, that Ann Doherty was really the owner of these pigs and had control of them; if you find she did, then she is liable, if you find the other facts which I have suggested are sufficient to make any one liable for keeping the swine."

The jury returned a verdict for the plaintiff against the defendants, Ann Doherty and Cornelius Doherty only; and they alleged exceptions.

*T. E. Grover & I. B. Lawton*, for the defendants.

*H. H. Pratt*, for the plaintiff.

LATHROP, J. But for the fact that the statute of Maine under which the case of *Jewett* v. *Gage*, 55 Maine, 538, imposed a penalty upon the owner of swine "running at large without a keeper," in addition to provisions similar to those contained in our Pub. Sts. c. 36, §§ 20–41, that case would be on all fours with the one at bar. In that case the hog was lying by the side of the highway near the owner's house, and it was held that the owner was liable for injuries caused by his horse being frightened by the hog.

In this Commonwealth there is no statute at the present time directly prohibiting swine from going at large on the highway, without a keeper. But under the statutes which precede the Pub. Sts. c. 36, §§ 20–40, and which are the same in effect, it

always has been considered that the various animals mentioned in § 23 are unlawfully on the highway, if there without a keeper.

Thus in *Parker* v. *Jones*, 1 Allen, 270, where a cow was impounded by a field driver, while grazing by the side of a road, and adjoining the enclosed premises and dwelling of its owner, it was held that the cow was " going at large without a keeper," and that it was lawfully impounded. It was said by Mr. Justice Metcalf : " The owner of land adjoining a highway, and who owns to the centre thereof, doubtless has a right to depasture his land in the highway ; but he cannot, in virtue of this right, be exempted from the duty of preventing his cattle from going at large thereon without the care of a keeper, but is bound by the same law (Gen. Sts. c. 25, § 21) which is applicable to others."

And Chief Justice Shaw in *Bruce* v. *White*, 4 Gray, 345, said : " The provision of law, authorizing a field driver to take up cattle going at large, and not under the care of a keeper, (Rev. Sts. c. 19, § 22,) has two objects in view — to secure all persons against direct injury, either to their persons or property ; and also to enable owners to regain possession of their stray beasts."

In *Barnes* v. *Chapin*, 4 Allen, 444, where a colt while following its dam, which was led by its owner, was attacked and killed by a stray mare of the defendant, and the latter was held liable for the injury done, it was said by Chapman, J. : " As to the defendant, it appears that he was in fault in permitting his mare to go at large on the highway without a keeper. Highways are dedicated to the use of travellers. In this Commonwealth it has long been regarded as inconsistent with the safety and convenience of travellers to permit horses to go at large on the highway ; and such an act is an offence against our statutes. As the plaintiff was using reasonable care, and as the defendant's fault concurred with the act of his animal in causing the injury to the plaintiff's property, the action is well maintained." See also *Lyons* v. *Merrick*, 105 Mass. 71 ; *Marsland* v. *Murray*, 148 Mass. 91.

It remains to be considered whether the instructions requested should have been given. The first request for instructions was given. The second was waived. The third relates to the neces-

sity of showing the viciousness of the swine, and that the defendants knew of such viciousness; but the action does not proceed upon the ground of the viciousness of the swine, but on the ground of the negligence of the owner in failing to keep his swine safely enclosed. *Lyons* v. *Merrick*, 105 Mass. 71, 76. The fourth request is a correct statement of an abstract proposition of law; but it has no application to this case. At common law, an owner must keep his cattle on his own land at his peril. *Lyons* v. *Merrick, ubi supra.* The fifth request was rightly refused, for the reasons already given. The sixth request is waived. The seventh and eighth requests were properly refused, under the authorities before cited. The ninth request is evidently based on *Holden* v. *Shattuck*, 34 Vt. 336; but that case was not under a statute similar to ours.

We see no objection to the admission of the evidence excepted to, limited as it was in the charge.

The defendants make no contention in their brief that only one of the defendants can be held liable, in any event, and we have not considered this question.

No exception was taken to the charge except so far as it was inconsistent with the requests, and to the refusals to rule. It is, therefore, unnecessary to consider it. *Commonwealth* v. *Walsh*, 162 Mass. 242. *Fairman* v. *Boston & Albany Railroad*, 169 Mass. 170, 174. *Exceptions overruled.*