# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

MINNIE E. FRASER *vs.* HARVEY CHAPMAN.

Hampden.   February 23, 1926. — May 26, 1926.

Present: CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Animal. Negligence,* Violation of statute, Contributory. *Evidence,* Competency. *Damages,* In tort.

Where the declaration in an action for personal injuries, received when the plaintiff in November was attacked by a ram of the defendant, charged the defendant with negligence in permitting the ram to escape and be upon the premises where the plaintiff lived and with knowingly keeping a ram of a vicious disposition accustomed to attack mankind, evidence on the issue of negligence is admissible although negligence is not an essential element in an action to recover for personal injuries caused by an animal known by its keeper to be vicious; and therefore it was not error for the trial judge to read to the jury "as evidence" G. L. c. 49, § 42, making it a criminal offence for the owner of a ram to suffer it to go at large out of his enclosure between July 1 and December 25.

At the trial of the action above described, there was evidence that, before the injuries to the plaintiff, the defendant knew of attacks the ram had made on other persons and, the day after the injury, admitted that that was the time of year when rams were vicious and that he ought to have been tied up; that the ram with other sheep of the defendant was in a strawberry patch maintained by the plaintiff's brother, with whom she lived; that the plaintiff threw a broom to drive the sheep away, and then, the ram nibbling the broom, sought to take the broom from him, when he attacked her. *Held,* that

(1) Upon the whole evidence, it was a question of fact for the jury whether the ram had a tendency to injure people which was or should have been known to the defendant;

(2) The question of the plaintiff's due care was for the jury;

(3) A ruling, that the only damage for which the plaintiff could recover would be that resulting from the ram conducting himself as rams ordinarily would do, and not damage resulting from his viciousness, could not have been given.

TORT for personal injuries received when the plaintiff, on November 1, 1922, was struck and knocked down and her leg broken by a ram which "the defendant well knew or ought to have known, [was] of a vicious and ferocious disposition and was accustomed to attack mankind" and which "the defendant carelessly and negligently permitted . . . to escape from the premises of the defendant." Writ dated January 20, 1923.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence and rulings by the judge and exceptions by the defendant are described in the opinion. In his charge, the judge read to the jury "as evidence," without exception by the defendant, G. L. c. 49, § 42, as follows: "If the owner of a ram or he-goat suffers it to go at large out of his enclosure between July first and December twenty-fifth, he shall, if prosecuted within thirty days next after such ram or he-goat is found going at large, be punished by a fine of five dollars." There was a verdict for the plaintiff in the sum of $4,476. The defendant alleged exceptions.

The case was submitted on briefs.

*C. S. Ballard, C. J. Weston, & W. G. McKechnie*, for the defendant.

*H. Robinson & G. F. Leary*, for the plaintiff.

SANDERSON, J. This is an action of tort to recover damages for personal injuries received by the plaintiff as the result of being butted by a ram kept by the defendant. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the admission of evidence, and to the refusal by the trial judge to give rulings as requested.

The plaintiff lived with her sister and brother-in-law upon his farm, and was engaged in the poultry business. The defendant owned the adjoining farm on which he kept a flock of sheep. On the day in question, thirteen or fourteen sheep had escaped from the defendant's premises and were

in the strawberry bed of the plaintiff's brother-in-law eating
the plants.   Seeing the sheep upon the premises, the plaintiff
took a broom from the house, went into the yard, swung it
around and threw it on the ground to drive them away.
They all ran off except a ram which began nibbling the broom.
The plaintiff, "not knowing that the vicious ram was nibbling
at the broom," went forward quietly to pick it up, and the
ram jumped at her and struck her in the leg throwing her
about five feet.   She fell on her back, hitting her head and
arm, and her leg was broken.   The ram then walked around
her and pushed her until help. arrived and he was driven
away.

It appeared that the sheep had been upon the same
premises at previous times, that the plaintiff had driven
them away, and that complaints had been made to the de-
fendant about their trespassing on this and on other neighbor-
ing property.   The ram had been kept by the defendant for
about a year.   There was evidence tending to prove that
during the fall preceding the injury to the plaintiff the ram
was bunting people; that he bunted and hurt the man who
had the care of him on three different occasions; that he
knocked down another man who worked for the defendant
and struck him at another time.   The defendant had stated
that the ram had bunted him on the knee.   The defendant
was told before the injury to the plaintiff that the ram had
bunted the men who cared for him; that he was apt to hurt
the school children; that he was kind of ugly; and that the
defendant should look out for him.   There was evidence
tending to show that the fall is considered the vicious season
for rams; that they are unreliable in their dispositions at that
season; and that the defendant said the day after the injury
that that was the time of year when rams were vicious and
he ought to have been tied up.   The defendant paid a certain
part of the hospital expenses of the plaintiff and asked her
brother-in-law how much of those expenses he thought the
defendant ought to pay.   The defendant's testimony tended
to prove that he had no knowledge of the vicious tendencies
of the ram, and so far as he knew the ram had never injured
any one.

The declaration charged the defendant with negligence in permitting the ram to escape and be upon the premises where the plaintiff lived, and with knowingly keeping a ram of a vicious disposition accustomed to attack mankind. Although negligence is not an essential element in the case of injuries from an animal known by its keeper to be vicious, evidence on that issue is competent. *Barnes* v. *Chapin,* 4 Allen, 444. *Lyons* v. *Merrick,* 105 Mass. 71. *Hardiman* v. *Wholley,* 172 Mass. 411. As the jury would have been justified in finding that the defendant was negligent in permitting the ram to escape from his premises, the statute making it a criminal offence for the owner of a ram to suffer it to go at large out of his enclosure between July 1 and December 25 was competent. The judge instructed the jury that, notwithstanding the statute, the plaintiff had the burden of proving that the defendant knew the ram was given to the practice of bunting. There was no request for ruling concerning this statute and no exception saved to what the judge said about it. While the evidence relating to negligence in permitting the ram to escape from the defendant's premises was competent on the pleadings, it was not essential to the plaintiff's case. It is the keeping of an animal known to be vicious and likely to cause injuries like those suffered by the plaintiff that makes the keeper liable when the animal causes such injuries. *Lyons* v. *Merrick,* 105 Mass. 71, 76. *Popplewell* v. *Pierce,* 10 Cush. 509. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232. *Webber* v. *McDonnell,* 254 Mass. 387. *Jackson* v. *Smithson,* 15 M. & W. 563.

As the case was submitted to the jury, the defendant's liability was based upon proof of his knowingly keeping a vicious animal which injured the plaintiff. The judge said, in substance, that the whole case the jury were trying was, whether the ram was vicious and known to the defendant to be vicious; that "The negligence on which liability is founded is keeping such an animal, with knowledge of its propensities." Upon the whole evidence, it was a question of fact for the jury whether the ram had a tendency to injure people which was or should have been known to the defendant.

The question of the plaintiff's due care was also for the

jury.   It could not have been ruled that she was careless in trying to drive the sheep from the strawberry patch with a broom, nor in attempting to pick up the broom when the ram was nibbling it.   She had no knowledge that it had a vicious propensity.   See *Matteson* v. *Strong,* 159 Mass. 497; *Raymond* v. *Hodgson,* 161 Mass. 184.

For the reasons stated the ruling, that the only damage for which the plaintiff could recover would be that resulting from the ram's conducting himself as rams ordinarily would do, and not for that resulting from viciousness, could not have been given.   In *Lyons* v. *Merrick, supra,* where such a distinction was made, the allegation of vicious habits of the animal known to the keeper was not proved.

The remaining rulings requested, in so far as they were not given, were denied properly.   All exceptions argued have been considered and no reversible error is disclosed.

*Exceptions overruled.*