LINCOLN PARK GARAGE *vs.* DEVONSHIRE FINANCIAL
SERVICE CORPORATION.

Suffolk.    April 8, 1931. — December 2, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Conversion.    Sale,* Conditional.

The president of a corporation, which had sold an automobile under a
contract of conditional sale, permitted the vendee to sell it and to
receive therefor cash and a second automobile and, by agreement and
with the consent of the vendee, substituted a description of the second
automobile for that of the first in the contract.    The vendee there-
after kept the second automobile in his garage where the corporation's
president saw it frequently, and used thereon dealer's number plates
belonging to the corporation.    The vendee subsequently sold the
second automobile under another contract of conditional sale which,
with the notes secured thereby, was assigned to a finance company.
The purchaser kept the second automobile in the same garage and used
thereon the same number plates.    Upon default by such purchaser in
his payments, the finance company took possession of the automobile.
In an action by the corporation against the finance company for con-
version of the second automobile, it was *held,* that the plaintiff had
no title to nor possession of nor right to immediate possession of the
second automobile as against the defendant; and that the plaintiff
could not recover.

TORT.    Writ in the Municipal Court of the City of Bos-
ton dated February 12, 1930.

The action was heard in the Municipal Court by *Carr,* J.
Material evidence is stated in the opinion.    The trial
judge found for the plaintiff in the sum of $500 and re-
ported the action to the Appellate Division.    The Appel-
late Division ordered the finding vacated and judgment
entered for the defendant.    The plaintiff appealed.

*W. E. Corkum,* for the plaintiff.

*A. A. Gillette,* for the defendant.

FIELD, J.    This is an action of tort for the conversion of
an automobile.    At the trial in the Municipal Court of the
City of Boston the judge refused to rule, as requested by
the defendant, that "On all the evidence the plaintiff is

not entitled to recover in this action," and to make other rulings requested by the defendant, and found for the plaintiff. On report to the Appellate Division the finding was vacated and judgment ordered for the defendant. The plaintiff appealed.

The evidence in its aspect most favorable to the plaintiff may be summarized as follows: The plaintiff sold an automobile to one Richmond on conditional sale. Thereafter, Richmond, with the consent of the plaintiff's president, sold this automobile and received as payment therefor $275 in cash and another automobile. The plaintiff's president, before giving consent to the sale of the first automobile, had requested Richmond to let him see the second automobile, and Richmond did so. In the course of conversation at that time the plaintiff's president told Richmond that the written agreement for conditional sale of the first automobile would have to be changed to cover the second automobile, and Richmond assented. Richmond, in completing the sale of the first automobile, turned over to the plaintiff the cash received from the sale thereof to reduce his indebtedness on the contract for conditional sale, and kept the second automobile. At some time after the conversation between the plaintiff's president and Richmond, the former caused the written agreement of conditional sale of the first automobile to be changed by striking out the description thereof and substituting a description of the second automobile. Richmond did not register this automobile, but used thereon the plaintiff's dealer's number plates then in Richmond's possession, which had been used on the other automobile, and kept the second automobile in a garage operated by a partnership of which Richmond was a member. After the exchange was made Richmond paid the plaintiff two instalments on the contract of conditional sale. The plaintiff's president saw the second automobile at the garage two or three times a week. Richmond sold it to one Dawes who did not register it, but continued to use thereon the plaintiff's dealer's number plates and to keep the automobile in the same garage. Richmond did not tell the plaintiff's

president of the sale to Dawes. A written agreement of conditional sale of this automobile was entered into between Richmond's firm and Dawes, and Dawes gave a note for the deferred payments on the purchase price under this contract. The note and agreement of conditional sale were negotiated and assigned by Richmond's firm to the defendant. Dawes never made any payment on the note and the defendant took possession of the automobile. The plaintiff brings this action contending that the defendant's taking possession of the automobile was a conversion.

It was error for the trial judge to refuse to rule that "On all the evidence the plaintiff is not entitled to recover in this action." The declaration alleged conversion of the automobile. See *Raymond Syndicate* v. *Guttentag*, 177 Mass. 562, 564; *Bacon* v. *George*, 206 Mass. 566, 570. However, no question of pleading appears to have been raised or passed upon in the trial court and, consequently, this ruling of the trial judge cannot be reversed if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff. See *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. Even on this broad principle the evidence did not warrant a finding for the plaintiff, for it did not show that at the time the defendant took possession of the automobile the plaintiff had possession, or the right to immediate possession thereof, or any right of property therein as against the defendant.

The facts that Dawes used the plaintiff's dealer's number plates on the automobile, and that it was kept by Dawes at the garage operated by Richmond's firm, where the plaintiff's president saw it from time to time, are not sufficient to support a finding that it was in the possession of the plaintiff at the time the defendant took possession of it. Furthermore, the evidence furnished no basis for a finding that the plaintiff then had any right to immediate possession of this automobile not dependent upon title.

The evidence did not warrant a finding that the plaintiff, as against the defendant, had title to the automobile alleged to have been converted. It could not have been found that when Richmond acquired the second automo-

bile he was acting as agent of the plaintiff so that title thereto vested directly in the plaintiff, for it does not appear that by the agreement between the plaintiff and Richmond the plaintiff was to acquire any rights in this automobile otherwise than by its being substituted for the first automobile in the agreement of conditional sale. Nor could it have been found that, as against the defendant, the plaintiff acquired an absolute title, or a title for security, to the second automobile by the agreement, however construed, between the plaintiff and Richmond for the substitution of that automobile for the first automobile in the agreement of conditional sale and by the change made by the plaintiff's president in the written instrument.

The agreement between the plaintiff and Richmond and the change in the written instrument had no legal effect against third persons as constituting, in substance, a chattel mortgage or a bill of sale given for security because, if for no other reason (see *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 283), compliance with the recording acts was lacking. G. L. c. 255, § 1, amended by St. 1921, c. 233. *Leahy* v. *George*, 273 Mass. 130.

The agreement construed as a present sale to the plaintiff of the second automobile, with a collateral agreement that thereafter by a change in the written agreement of conditional sale it should be substituted thereunder for the other automobile as security for Richmond's indebtedness to the plaintiff, coupled with the change in the written instrument shown by the evidence, were ineffective to transfer title to the plaintiff as against the defendant. Such a sale would pass title to the second automobile to the plaintiff, as against the defendant, only if there was actual or constructive transfer of possession thereof to the plaintiff. G. L. c. 106, § 27. *Goodhue* v. *State Street Trust Co.* 267 Mass. 28, 36-37, and cases cited. No such transfer of possession was shown. There was no evidence of actual delivery of the automobile to the plaintiff. The evidence that Richmond had in his possession the plaintiff's dealer's number plates, previously used on the first automobile, that he used those plates on the automobile in question,

and that the plaintiff's president saw this automobile in the garage operated by Richmond's firm, falls short of proving constructive delivery of the automobile to the plaintiff. Nor did the change in the written instrument effect a transfer of possession. Such change, even if made with Richmond's authority, stood no higher than the delivery of a bill of sale, which would not have amounted to constructive delivery. *Clark* v. *Williams*, 190 Mass. 219, 221–222. There was no evidence that the assignment to the defendant by Richmond's firm of its interest as conditional vendor under the sale of the automobile to Dawes, followed by the defendant's taking possession of such automobile thereunder, did not effect a transfer thereof by Richmond to the defendant for value without notice of any previous sale by Richmond to the plaintiff. See G. L. c. 106, § 27. It is not necessary to decide whether, if title to the automobile had passed to the plaintiff, the automobile could have been substituted effectively for the other automobile in the agreement of conditional sale.

What has been said disposes of the plaintiff's further contention that it is entitled to recover in this action on the ground that Richmond acted in fraud of the plaintiff, or on the ground that the defendant took no greater right in the automobile, as against this plaintiff, than Richmond had. Richmond, by retaining possession of the automobile after his agreement with the plaintiff that it should be subject to the existing agreement of conditional sale, had a power, even if wrongfully exercised, to transfer title thereto, such as the seller in *Lynn Morris Plan Co.* v. *Gordon*, 251 Mass. 323, did not have. Moreover, even if the sale to Dawes was not a genuine transaction, as the plaintiff contends, it does not follow that the defendant, by taking possession of the automobile, did not acquire title thereto. *Tripp* v. *National Shawmut Bank of Boston*, 263 Mass. 505, 513, relied on by the plaintiff, differs in many respects from the present case.

Since on the evidence the plaintiff was not entitled to recover in this action, it is unnecessary to consider whether

there was any other error in the refusal of the trial judge to rule as requested by the defendant.

It follows from what has been said that. the Appellate Division was right in ordering the finding for the plaintiff vacated and judgment entered for the defendant. G. L. c. 231, §§ 110, 124. Such order is

*Affirmed.*