ELSIE H. WALKER *vs.* HAROLD W. NICKERSON.

Norfolk.   January 16, 1935. — September 11, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

Cow. *Negligence*, In care of animal. *Proximate Cause. Practice, Civil,*
    Appellate Division: appeal; Waiver; Argument before Supreme
    Judicial Court.

An appeal from an order of an appellate division brings up for review only
    the rulings of law made and reported by the trial judge, and the action
    of the Appellate Division thereon; and where no question of pleading
    was raised before the trial judge or reported by him, his rulings could
    not be reversed if correct on the evidence under any legal form of
    pleading.
The evidence warranted findings that land on which a cow was pastured
    was insecurely fenced, that the owner of the cow should have known
    of the condition of the fence and that the cow escaped from the pasture
    through its owner's negligence.
A blow which aggravated a "preëxisting arthritic condition" could be
    found to be a proximate cause of ensuing illness.
Proof of *scienter* was not necessary to recovery in an action against the
    owner of a cow for personal injuries inflicted by it on the owner of

premises on which the cow was trespassing after escaping from the
defendant's pasture through his negligence.

Questions of law which may be involved in rulings made or refused by
the trial judge are treated by this court as waived where neither
argued orally nor briefed.

TORT. Writ in the District Court of East Norfolk dated
April 25, 1933.

The action was heard in the District Court by Kirby, J.,
who found for the plaintiff for $676. From an order by
the Appellate Division for the Southern District dismissing
a report, the defendant appealed.

*D. H. Stuart,* for the defendant.

*R. A. Hunt,* for the plaintiff.

FIELD, J. This is an action of tort brought in the Dis-
trict Court to recover compensation for personal injuries to
the plaintiff caused by the defendant's cow. The trial judge
denied certain requests for rulings made by the defendant
and ruled as requested by the plaintiff. The defendant
claimed to be aggrieved and the judge reported these
rulings to the Appellate Division. The report was dismissed
and the defendant appealed.

The appeal brings before us for review only the rulings
of law made by the trial judge and reported by him to the
Appellate Division, and the action of the Appellate Divi-
sion thereon. *Duggan* v. *Matthew Cummings Co.* 277
Mass. 445, 449. No question based on the pleadings is
open. No such question appears to have been raised or
passed upon by the trial judge or is reported. *Weiner* v.
*D. A. Schulte, Inc.* 275 Mass. 379, 384. Consequently the
rulings of the trial judge cannot be reversed if they were
correct on the evidence under any legal form of declaring.
Compare *Lincoln Park Garage* v. *Devonshire Financial
Service Corp.* 277 Mass. 303, 305.

The evidence as recited in the report — stated to be all
the evidence material to the questions of law — is as fol-
lows: "At the trial there was evidence tending to show
that while the plaintiff was at work in her house she saw a
cow which proved to belong to the defendant, but had
escaped from the pasture adjoining the premises of the plain-

tiff, trespassing and feeding in the plaintiff's garden. The plaintiff went from her house into the garden for the purpose of driving away the cow; and the cow, without any warning, butted her in the chest and she was knocked to the ground, receiving injuries which caused severe pains in her back and as medical testimony showed at the trial these were diagnosed as an aggravation by a trauma of a preëxisting. arthritic condition. This is the first time that the plaintiff had suffered pain from the arthritis, and this is the first time that she had any knowledge that she had arthritis previous to the accident. As a result of said accident she suffered great pain and was confined to her bed. There was testimony offered by the plaintiff that the fence' on the defendant's premises was insecure, and that the wire composing said fence was lying on the ground, broken; also that there were two posts which were broken and lying upon the ground. There was no evidence introduced showing that the defendant knew of the vicious or dangerous character of the cow prior to the attack."

The evidence warranted a finding that the defendant's cow escaped from the defendant's land where it was being pastured, strayed upon the plaintiff's land, and while there "butted" the plaintiff and knocked her to the ground. It could have been found that the cow was unlawfully on the plaintiff's land — a trespasser thereon. *Darling* v. *Boston & Albany Railroad,* 121 Mass. 118. Cases in which a domestic animal strays upon a highway are distinguishable. *Carrington* v. *Worcester Consolidated Street Railway,* 222 Mass. 119, 120. *Texeira* v. *Sundquist,* 288 Mass. 93, 94–95.

The only contentions made by the defendant are these: (a) the trial judge was not justified in finding that the cow escaped through the negligence of the defendant, (b) the disease from which the plaintiff suffered had no direct connection with the injuries alleged to have been received by her, and (c) the plaintiff cannot recover in the absence of proof of *scienter.* None of these contentions can be sustained.

1. The evidence warranted a finding that the cow escaped from the defendant's land through the negligence of the defendant.

The evidence warranted a finding that the defendant pastured the cow on land insecurely fenced. Whether the recital of evidence in the report is to be interpreted as meaning that the fence was insecure before the cow got out of the pasture may be doubtful, but, at any rate, the evidence in the light of common knowledge and experience warranted the inference that before that time the fence was in fact insecure. Furthermore, in view of the defendant's duty to keep the cow on his own land at his peril (*Thayer* v. *Arnold*, 4 Met. 589, 590, *Lyons* v. *Merrick*, 105 Mass. 71, 75, *Leonard* v. *Doherty*, 174 Mass. 565, 572, Salmond on Torts [8th ed.], 560, 562), the evidence of the condition of the fence warranted the further inference that the defendant ought to have known that the fence was insecure. There is no suggestion in the evidence that the escape of the cow from the pasture resulted from the act of any third person or from any extraordinary natural force.

The case in this aspect resembles *Lyons* v. *Merrick*, 105 Mass. 71, 76, where it was said that the "liability stands wholly upon the ground of actual or presumed negligence" (see *Lee* v. *Riley*, 18 C. B. [N. S.] 722), and it was said also that "on the part of the defendant, there was negligence enough to support the action, in placing the animals where they would be likely to escape and become trespassers upon the plaintiff." Whether in the present case "actual or presumed negligence" could be inferred or "presumed" from the mere fact of the escape of the cow from the. defendant's land need not be considered. Nor need it be considered whether, independent of principles of negligence, the trespass of the cow on the plaintiff's land, accompanied by injury to the person of the plaintiff, would entitle her to recover compensation for such personal injuries. We do not imply the contrary. The case is unlike *Baker* v. *Ratkiewicz*, 275 Mass. 174, where the injured plaintiff was not the owner of the land on which the trespass was committed. See also *Fraser* v. *Chapman*, 256 Mass. 1.

. 2. The defendant's contention that the "disease from which the plaintiff suffered had no direct connection with the injuries alleged to have been suffered by her" cannot

be sustained. There was evidence that the plaintiff received "injuries which caused severe pains in her back," and medical testimony that "these were diagnosed as an aggravation by a trauma of a preëxisting arthritic condition." This evidence warranted a finding contrary to the defendant's contention on this point. *Wiemert* v. *Boston Elevated Railway*, 216 Mass. 598. *Walker* v. *Gage*, 223 Mass. 179.

3. The plaintiff can recover without evidence of *scienter*.

Proof that a domestic animal ordinarily harmless, such as a cow, had an extraordinary, dangerous propensity is essential to recovery where the animal was rightfully in the place where the mischief was done and there was no negligence on the part of the person responsible for the control of the animal. *Dix* v. *Somerset Coal Co.* 217 Mass. 146, 147. *Webber* v. *McDonnell*, 254 Mass. 387. *Woodman* v. *Haynes*, 289 Mass. 114, 117. In such a case the ground of liability is keeping the animal, knowing or having reason to know its extraordinary, dangerous propensity. *Fraser* v. *Chapman*, 256 Mass. 1. In the present case the ground of liability is the presence of the cow on the plaintiff's land in violation of the defendant's duty. *Hardiman* v. *Wholley*, 172 Mass. 411. Expressed in terms of negligence, as in *Lyons* v. *Merrick*, 105 Mass. 71, 76, the ground of liability is the placing of the cow where it would be likely to escape and become a trespasser on the land of the plaintiff. In a case of this nature proof that the cow had an extraordinary, dangerous propensity is not essential to establish the defendant's liability for injury caused by the cow while trespassing which results directly from the trespass. *Lyons* v. *Merrick*, 105 Mass. 71, 76–77. *Hardiman* v. *Wholley*, 172 Mass. 411, 412.

The real question on this branch of the case is whether, in the absence of proof of an extraordinary, dangerous propensity of the cow which was known or should have been known to the defendant, the plaintiff's injury was too remote from the trespass for liability for the injury to be imposed upon the defendant. It has been held in this Commonwealth that recovery may be had by a person

injured by the kick of a horse wrongfully in the place where the injury was caused, without proof that the horse had a propensity to kick which was known or should have been known to its owner or keeper (*Hardiman* v. *Wholley,* 172 Mass. 411, 412), though such proof is essential to recovery where the kicking horse was rightfully in the place where the mischief was done and there was no negligence on the part of the owner or keeper. *Webber* v. *McDonnell,* 254 Mass. 387. We think that the "butting" of a cow ordinarily harmless is subject to the same principles as the kicking of a horse ordinarily harmless, and that injury caused by a cow's "butting" the owner of land on which the cow is trespassing may be found to result directly from the trespass and not to be too remote therefrom for liability for the injury to be imposed on the owner responsible for the trespass.

We have considered the contentions made by the defendant. Questions of law which may be involved in rulings made or refused by the trial judge but which have not been argued by the defendant orally or by brief are treated as waived. *Commonwealth* v. *Dyer,* 243 Mass. 472, 508.

*Order dismissing report affirmed.*