Riley, J.
It is recited in the Beport that this is an action of tort to recover damages for personal injuries received by the .'plaintiff as a result of being butted by a cow owned by the defendants; that the first count is for negligence of the defendants in allowing a vicious cow owned *207 by them to enter upon premises of the plaintiff or her husband causing injuries to the plaintiff; that the second count is similar in its allegations except that the plaintiff was injured on the land of her husband; and that the defendants’ answer is a general denial and contributory negligence. It was agreed at the trial that the cow in question was owned by the defendants and that the premises on which the injury was received were owned by the plaintiff’s husband.
There was evidence that on October 18,1935 the plaintiff, a married woman of some fifty-five years of age, lived with her husband on his farm. The defendants owned an adjoining farm on which they kept a herd of cattle. The plaintiff, on said day, while in her house, saw some eight or ten cows of the defendants, .grazing upon an alfalfa field of her husband. She left her house, called to some of the hired men who were in an adjoining field for assistance, picked up a stick and advanced toward the cows, shouting and shaking the stick at them. They all ran away when the plaintiff was within a distance of some fifteen feet from them, except one, which charged the plaintiff and butted her knocking her to the ground and injuring her. Her daughter came from the house and assisted the plaintiff into their home. The hired men came and finally drove this particular cow out of the field of the plaintiff’s husband. The injuries received by the plaintiff were such as necessitated her removal to a hospital some three or four days later.
There was evidence that the defendant’s cows had escaped from their pasture on two or three previous occasions and had been on premises of plaintiff’s husband several times previously and the plaintiff had driven them off with the aid of her dog. The dog was not around the premises on this particular day in question.
*208 There was evidence that the cows could force out of place the birch tree poles which were used as a gate at the place where they were pastured and that the defendants were negligent in the maintenance and construction of the fence surrounding the pasture wherein the cows were kept and carelessly and negligently allowed their cows to escape from their premises and wander on to the premises of plaintiff’s husband.
There was no evidence that the cow was possessed of viscious habits nor that the defendants or either of them knew or should have known of the cow’s vicious habits or knew or should have known from previous acts done by the cow that it was likely to commit an act of the kind concerning which this action was brought.
The defendant duly made the following Requests for Rulings:
1. An action will not lie against the owner of a cow for an injury done by it, unless the injury be one which results from and is the natural consequence of the animal’s vicious habits.
2. That if the Court finds that the plaintiff left her house and ran towards the cows, shouted at them, and waved a stick at them, and attracted the cow’s attention to herself, then as a matter of law, the plaintiff was contributorily negligent.
3. That contributory negligence on the part of the plaintiff, if found by the Court, bars her recovery in this action.
4. That if the plaintiff had, previous to the day of her injury, driven the cows of the defendant from her property by use of her dog, and knew that by use of the dog she could expel the cows, without injury to herself then she was negligent in attempting alone to expel the cows from her property on the day of her injury.
5. If the property upon which the cows trespassed, was not the property of the plaintiff, but was the property of the plaintiff’s husband then in order *209 to recover in this action, the plaintiff must prove that the cow or cows were vicious and that the defendant knew of said viciousness.
The court granted the third Bequest of the defendants, refused the first Bequest because it omitted the element of the cow being in the rightful place at the time of the injury, and refused the second, fourth and fifth without qualification.
The trial judge also granted the following Bequests filed by the plaintiff:
1. That at the time that the plaintiff was attacked, that the cow of the defendant was trespassing on the property of the plaintiff and her husband.
2. That at the time the plaintiff was attacked she was exercising her legal right in expelling the' cows from her yard and alfalfa field.
3. That on all the evidence the plaintiff is entitled to recover.
5. That there is no evidence of negligence on the part of the plaintiff.
6. That the cow of the defendant was in the habit of escaping and that the construction of the fenpe was insufficient to restrain them.
He found for the plaintiff and made the following specific Findings of Fact:
I find that the defendants were negligent in the maintenance and construction of the fence surrounding the pasture wherein the cows were kept.
I find that the defendants carelessly and negligently allowed their cows to escape from their premises and wander on to the premises of the plaintiff’s husband.
I find no contributory negligence on the part of the plaintiff.
The defendants in their brief claim to be aggrieved by the granting of the plaintiff’s first and third Bequest and the refusal of the defendants’ second and fifth Bequests. As these are the only points argued in the defendants ’ brief, *210 we treat all others as waived. Commonwealth vs. Dyer, 243 Mass. 472, 508.
If the plaintiff’s third Request “that on all the evidence the plaintiff is entitled to recover” is considered strictly as a ruling' of law, the trial judge erred in making this ruling. However, in view of the fact that he specifically found, after recitation of the evidence, that the defendants were negligent in maintaining the fence surrounding their pasture where the cows were kept and were negligent in allowing their cows to escape and wander onto the premises of the plaintiff’s husband and further finding that the plaintiff was not .guilty of contributory negligence, we are constrained to hold that he did not intend to make a ruling of law by granting this Request for the reasons set out in Patterson vs. Ciborowski, 211 Mass. 260, 267.
The plaintiff’s first Request “that at the time the plaintiff was attacked that the cow of the defendants was trespassing on the property of the plaintiff and her husband” obviously called, not for a ruling of law, but a finding of fact. ' It was doubtless granted through oversight by the trial judge as it was agreed at the trial that the land was owned by the plaintiff’s husband and the court specifically found, in his general finding of facts, that “the hired men came and finally drove this particular cow out of the field of the-plaintiff’s husband.” If there is any inconsistency between the granting of the plaintiff’s first Request and the specific finding of the judge’s, above set out, no harm has come to the defendants’ for we construe the judge’s final action as finding that the land upon which the plaintiff’s injury was sustained was owned by her husband.
We do not think it could be ruled as matter of law that the conduct of the plaintiff, either as set out in the defendant’s second Request or as described in the evidence, constituted contributory negligence. The cow is ordinarily a *211 harmless animal when in the fields and the ordinary means of driving cattle in the country where this occurrence took place, is by shouting and brandishing the hands or a stick, or might be so found by the trial judge. See Fraser vs. Chapman, 256 Mass. 1 at 5.
This leaves for consideration the defendants’ fifth Bequest which was refused. It, apparently, is the contention of the defendants that if the property upon which the injury occurred was not hers but belonged to her husband, as is conceded, it was necessary for plaintiff to prove that the cow of the defendants was vicious and that they knew-of this viciousness. The language of the court in Walker vs. Nickerson, Mass. A. S. (1935) 1937, lends some- force to the defendants’ contention. This is particularly true of the repeated reference in the opinion to the fact that the offending animal in that case was a trespasser upon the land of the plaintiff owner and the distinction drawn between that case and Baker vs. Ratkiewicz, 275 Mass. 174 However, Hardiman vs. Wholley, 172 Mass. 411 is cited with approval in the following language: “It has been held in this Commonwealth that recovery may be had by a person injured by the ldck of a horse wrongfully in the place where the injury was caused without proof that the horse had a propensity to kick which was known or should have been known to its owner or keeper, though such proof is essential to recovery where the kicking horse was rightfully in the place where the mischief was done and there was no negligence on the part of the owner or keeper.” The law is more tersely stated by Holmes, J., in Hardiman vs. Wholley, 172 Mass. 411, 412, as follows: “In England if the horse is a trespasser and kicks another, the kick will enhance the damages without proof that the animal was vicious and the owner knew it. * * * So in this Common *212 ■wealth, going further, it would seem, than the English law, a kick by a horse wrongfully at large upon the highway can be recovered for without proof that it was vicious. * * * The same law naturally would be applied to a horse upon a sidewalk where it ought not to be. * # *”
We think that the case at bar is within the principles laid down in Hardiman vs. Wholley and that in an action based on negligence in allowing an animal not known to be vicious to escape, the right to recover for injury caused by such negligence is not restricted to the owner of the land upon which the animal is trespassing, but may be maintained by one rightfully on such land, injured by such animal. There is no question in the case at bar that the plaintiff was rightfully upon the premises and that the defendants’ cow was a trespasser thereon through the negligence of the defendants. As far as the plaintiff is concerned, the defendants’ cow was wrongfully in a place where the plaintiff had a right to be. See Lyons vs. Merrick, 105 Mass. 71 at 76. It is to be noted that this action is not one for trespass but for negligence. In such an action, Walker vs. Nickerson, above cited, places the butting of an ordinarily harmless cow in the same category as the kicking of a horse of similar character.
Our conclusion is that there was no prejudicial error in refusing the defendants’ fifth Request or in the other rulings of the trial judge and that the Report should be dismissed.