Rollins, J.
This is the defendant’s Petition to Establish a Report. It will hereinafter be termed the Petition.
Two questions are presented for our determination. First, should the Petition be allowed or denied, and second, if allowed, in what form should the Report be settled.
The Petition was first heard by a Single Justice of this Division. Two hearings were held before him. At the first counsel for the parties were present. They did not agree as to what took place at the trial and at the hearings on the draft Report. Because of this the Single Justice held a second hearing at which the trial judge was present as well as counsel. At this last hearing the trial judge gave his recollection of what took place.
The Single Justice duly filed his Report to us. The material parts of it are as follows: After a finding for the plaintiff, the defendant duly filed a request for a Report and a draft Report. Several hearings were held on these and finally the trial judge ordered the defendant to pre *4 pare the Report as verbally settled, on or before May 24, 1949 and file it for formal allowance by May 25, 1949. This the defendant failed to do.
On this last date the trial judge allowed the plaintiff’s motion, previously filed, to disallow the plaintiff’s claim for Report.
The defendant’s Petition which is here before us was filed June 1, 1949. Only the first paragraph of this motion need be considered. The remainder of it is only another statement of the matters contained in the Report of the Single Justice.
This paragraph is: — “The defendant, upon filing his petition to establish the report, failed to forthwith give notice to the adverse party by delivering or mailing postpaid to it or its attorney of record a copy of such petition and affidavit in accordance with Rule 30.”
This contention is without merit. No proof whatever of these allegations has been presented and moreover the plaintiff not having brought this matter up before the trial judge cannot argue it before us. Weiner v. D. A. Schulte, Inc., 275 Mass. 379, 384; Walker v. Nickerson, 291 Mass. 522, 523. We cannot say the Petition was filed too late. Rule 30 of the Rules of District Courts provides in part as follows: “Whenever a claim of Report shall be disalloAved by a Justice . . . the party seeking the same may within five days after notice of such disallowance . . . file with the Clerk his Petition setting forth in full his claim for such report . . ..”
The claim for a Report Avas disalloAved on May 25, 1949. This was a Wednesday. The record no where discloses when the defendant received notice. If we assume such notice was received on the same day the claim for a Report Avas disalloAved, namely, Wednesday, May 25, then the *5 last day for filing the Petition was Monday, May 30, 1949, and the Petition filed June 1, 1949 was filed too late. We reach the conclusion that May 30th was the last day for filing the Petition as follows: Five days after Wednesday, May 25, was Monday, May 30. But included in these five days was Sunday, May 29. In computing any period of time" less than a week Sunday is to be excluded. Stevenson v. Donnelly, 221 Mass. 161, 163; Daley v. District Court of Western Hampden, 304 Mass. 86, 94. Accordingly if we assume such notice was received on May 25, the last day for filing the Petition would be May 31.
But if the notice was received by the defendant on the day after the Beport was disallowed, namely, on May 26, as is more probable, then the last day for filing the Petition would be June 1 and the Petition filed on that day was filed on time.
We accordingly reach the conclusion that the defendant’s Petition to Establish a Beport should be allowed.
In matter of the form of the Beport we hereby settle the same as recommended by the Single Justice, which form is annexed to his Beport to us with the exception of the paragraph on page 2 beginning with the words “The plaintiff also introduced in evidence docket entries of Supplementary proceedings . . ..” This evidence was excluded by the trial judge and this paragraph is excluded from the Beport as settled.
The plaintiff’s motion to Deny Defendant’s Petition to Establish Beport is denied.